Lowe, &c. v. Commonwealth.

CASE 63.—PROCEEDINGS AGAINST RICHARD LOWE AND OTHERS TO REQUIRE THEM TO GIVE BONDS TO KEEP THE PEACE.—October 2.

## Lowe, &c., v. Commonwealth

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

From the judgment requiring defendants to give peace bonds they appeal—Appeal dismissed.

1. Criminal Law—Breach of the Peace—Jurisdiction—Harmless error.—Accused cannot complain, when arrested on a magistrate's warrant charging threats to do violence, they were taken before the circuit judge rather than before the magistrate, since, under Cr. Code Prac. sections 385-387, the magistrate could not have tried the case further than to ascertain whether accused should be held to the circuit court, which had jurisdiction to try the charge and determine whether accused should be put under bond.

2. Breach of the Peace—Bonds Properly Required.—Bonds to keep the peace were properly required, where the evidence tended to show that defendants were active in a labor strike and had been guilty of acts tending to precipitate serious difficulties and endanger life and property.

3. Criminal Law—Right to Appeal.—An order requiring a bond to keep the peace is not appealable; Cr. Code Prac. section 347, allowing appeals from certain judgments adjudging fines or imprisonment being inapplicable, and the order not being final, since the judge has control over it while the bond has to run.

WELLER & POINTS for appellants.

The contention of appellants is, that when the magistrate issued the warrant against the accused, the circuit court had no jurisdiction to try the parties upon that warrant, or at all, but that they must first be tried on the warrant before the magistrate and then before the circuit court as authorized by section 385 of the Code.

### CITATIONS.

Sec. 382, 383, 384, Criminal Code; Neely v. Commonwealth, 12 Ky. Law Rep. 844; Ky. Stats., 966.

JAMES BREATHITT, Atty. Genl. and TOM B. McGREGOR, Asst. Atty. Genl. for appellee.

It is the contention of the Commonwealth that under the authority given in the Criminal Code, in sections 382, 383, 385, 386, 387, 388, 389, 390, 391, 392 and 393 the proceeding in the circuit court was proper and that no error was committed.

### AUTHORITIES CITED.

Ky. Stats., 966 and 193; Cr. Code, sec. 13, subsec. 3, sec. 382, subsec. 3, and sections 382 to 393; See also 12 Ky. Law Rep., 844.

OPINION OF THE COURT BY JUDGE LASSING—Dismissing appeal.

Appellant and nine others were arrested on a warrant, which was issued by a justice of the peace of Bell county, charged with having threatened to do violence to certain persons in the employ of the Wallsend Coal & Coke Company and to destroy the property of said company. Circuit court being in session, the officer making the arrest, instead of returning the warrant to the magistrate who issued it, delivered it and the prisoners to the judge of the circuit court. Appellant and his associates objected to the

jurisdiction of the court, and moved to dismiss the warrant on that ground. This motion was overruled. They then filed a demurrer to the warrant and the affidavit upon which it was based. This was likewise overruled. They each thereupon demanded a separate trial, which was also overruled.

It appears that a strike had been on at the mines of the Wallsend Coal, & Coke Company from some time in May until September, the date of the issuing of this warrant, in which some 125 miners were involved. The evidence brought out during the hearing before the circuit judge showed that much lawlessness had existed in and around the camp during the time covered by this strike; that the union men had done all that they could to induce other miners to cease work at the mines, and to prevent new-comers from entering the mines. Much shooting was done at night, property of the company along the railroad lines was patroled by union men, houses belonging to the company were burned under suspicious circumstances, foreign miners were at times driven from their homes and terrified by shots fired, and threats were shown to have been made against the lives of several persons who were opposed to and not in sympathy with the union miners. After hearing all of the evidence for and against those charged in the warrant, the judge dismissed all of them save appellants Richard Lowe, Robert France, Harve McDonald, and Ed Jaggers, whom it appears were the principal offenders, according to the proof offered. He fixed the bond of each of these at $1,000, save Robert France, whose bond was fixed at $2,500, conditioned that they should keep the peace for a period of 12 months, and directed that the bonds be executed forthwith, or the defendants placed in jail in the custody of the jailer.

Thereupon Robert France, J. H. McDonald, and Richard Lowe executed bond and were released from custody.   The defendant Ed Jaggers was committed to jail for three months, or until he executed bond.

They each thereupon filed a motion for a new trial upon the following grounds: First, because the finding of the court is not sustained by the evidence, and is not supported by any evidence; second, because the finding of the court is contrary to law; and, third, because the court erred in refusing to quash the warrant and affidavit upon which the prosecution was based.   The court, upon considering the motion, overruled same, and refused to grant the defendants, or either of them, a new trial, and they prosecute this appeal.   The bond of Ed Jaggers was reduced to $500, and he executed same on the 14th of September, the same day upon which the motion for a new trial was overruled.

The circumstances and conditions under which peace bonds may be required in this State are regulated by sections 382 to 393, inclusive, of the Criminal Code of Practice.   Section 382 makes it the duty of the magistrate to issue a warrant for the arrest of the offending person when an affidavit is filed to the effect that another person has threatened to commit an offense against his person or property, or where the conduct of the accused in the presence of the court is such as to lead him to believe that one person is about to commit an offense against the person or property of another; and in the latter case the court may verbally order the arrest of the person so offending.   Section 383.   Upon being taken into custody, either under oral direction or on warrant, section 384 makes it the duty of the magistrate or court to "hear the evidence which may be produced on either side;

and if satisfied that there are reasonable grounds for apprehending that the defendant will commit an offense against the person or property of another, or will commit violence endangering human life, or an offense amounting to felony, may require of him surety to keep the peace, or for his good behavior, in a sum not exceeding five thousand dollars, if human life be endangered, or one thousand dollars in other cases; and in default of giving such surety, may commit the defendant to jail, for a period not exceeding three months, unless he shall, in the meantime, give such surety." By section 385 it is made the duty of the magistrate, if in his opinion the evidence justifies holding the accused, to take a bond for his good behavior, until the defendant shall appear before the circuit court of the county on the first day of its next term; and the bond so taken shall be returned to the circuit court of the county. Section 386. Section 387 directs how the trial shall be conducted in the circuit court.

Appellants' principal complaint is that when arrested they were taken before a circuit judge (the circuit court then being in session), rather than before the magistrate who issued the warrant. Had they been taken before the magistrate, he could not have tried the case further than to ascertain whether or not the accused should be held over to the circuit court, and if, in his judgment, they should, he would have required bond for their appearance in the circuit court on the first day of its term for trial. Had he been of the opinion that the charge in the affidavit had not been substantially sustained, he would, of course, have discharged them from custody. The circuit court being in session, we are of opinion that no substantial rights of the accused were violated by having them

surrendered up to the custody of the circuit court
upon being arrested. It was within the power of the
circuit court to try the charge against them, and, from
the evidence offered by the complainant and such as
accused had to offer in their behalf, determine
whether or not they should be put under bond to
keep the peace. Appellants do not complain that they
were not given ample opportunity to procure their
witnesses and present their defense, but there was no
evidence which warranted the judge in holding them.
The conclusion which we have reached in the case
renders it unnecessary to go into the merits of the
case, but in justice to the circuit judge it may be said
that, while there is a sharp conflict between the testi-
mony offered by the complainant and that introduced
by appellants, still there was evidence which tended
to show that appellants were very active in promoting
the interest of the union men in the prosecution of
their strike, and had at times been guilty of acts cal-
culated to precipitate serious difficulties and endanger
both life and property. Under such circumstances the
judge was entirely justified in requiring of them a
bond to keep the peace.

The real question in this case is: Have appellants
any right of appeal? In the sections of the Code
regulating proceedings of this character no provision
is made for an appeal from the finding and judgment
of the circuit judge, and, if an appeal lies, the author-
ity therefor must be found in those provisions of the
Code regulating appeals in civil or criminal cases.
Clearly such a right does not fall within the pro-
visions of the Code regulating appeals in criminal
cases of the class under which this case must fall,
to-wit, section 347, is as follows: "The court of
appeals shall have appellate jurisdiction in penal

actions and prosecutions for misdemeanors, in the following cases only, viz.: If the judgment should be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars or confinement exceeding thirty days, might have been inflicted." The order of the circuit judge is not that appellants pay a fine, nor is it for imprisonment, nor fine and imprisonment, but it is simply to the effect that they shall give bond, conditioned for their good behavior in general and toward the complainant witness and his company in particular during a stated time, named in the order, and not exceeding one year.

This exact question has not heretofore been before us, although in the case of Commonwealth v. Oldham, 31 Ky. 466, it was held that, where a party had been arrested on a bench warrant and improperly discharged, the Commonwealth had no right of appeal; and in the case of State v. Long, 18 Ind. 438, the same doctrine was announced. In the case of State v. Lyon, 93 N. C. 576, it was held that there was no appeal from the action of the officer requiring a party to give security to keep the peace, "for," says the court, "the nature of the purpose to be subserved suggests and requires that the action of the officer requiring such security of a party must be conclusive, and not subject to the right of appeal ordinarily. An appeal, in the absence of any statutory regulation to the contrary, would vacate the order requiring security to keep the peace, and the persons from whom danger is apprehended might, without such restraint, commit the offense pending the appeal." And in the case of State v. Locust, 63 N. C. 574, it was held that generally there was no appeal from the action of the jus-

tice of the peace in requiring a bond to keep the peace. There is much good sense and reason for such a rule. Proceedings of this character are instituted for the purpose of preventing crimes or violation of the law of a serious nature, and by requiring the one who is threatening to violate the law to give security to the effect that he will behave himself and not do so the good of society is promoted and the peace and quiet of the neighborhood is in a measure assured, so far as the parties complainant and accused are concerned. Nothing is exacted of the one required to give bond, further than what the law expects every good citizen to do without being coerced. The code provisions undertake to deal with the subject in detail, defining the mode of procedure with much particularity, and yet no provision is made therein for an appeal from the finding of the circuit judge. Whether the lawmakers failed to make such a provision because they intended that ultimate power should be rested with the circuit judge, or whether they regarded any order which he might make as an interlocutory one, and not a final order, and therefore not subject to appeal, we do not know; but certain it is that there is no statutory authority in this State authorizing an appeal. The order of the court is not final, for the judge has control over it during its legal existence, to-wit, the time the bond has to run.

For the reasons given, the appeal is dismissed.