## Premier Royalty Company v. Cumberland Producing and Refining Company.

(Decided June 9, 1922.)

### Appeal from Fayette Circuit Court.

1. Brokers—Commissions.—An agreement to pay commissions to a broker as and when payments are made under the terms of a tentative or conditional contract of sale, which contract of sale is never carried out, but under its provisions the right to abandon the same is exercised, the broker being familiar with its provisions, cannot recover the commissions because the sale is never consummated.

2.  Brokers—Commissions.—Where one agrees in writing to pay commissions to a broker as and when payments are made to it by another under the terms of a tentative or a conditional contract of sale, with the terms of which the broker is familiar, and thereafter under the terms of the conditional contract of sale the proposed purchaser failed or refused to make a payment of so much money upon a given day, which failure or refusal under the terms of the contract released the other party thereto from compliance therewith, and the contract between the parties was in good faith abandoned and never consummated, there was a total failure of consideration for the agreement to pay the commissions. Or, rather, the agreement to pay them never in fact became effective.

3.  Brokers—Commissions—Pleading.—In this action based upon a writing tentatively agreeing to pay commissions as and when certain payments are made under the terms of another contract which was abandoned and never became effective, although the evidence shows that thereafter a deal was consummated between the same parties for the same property upon different terms and at different prices, there could be no recovery of commissions because of the second sale which was consummated because the pleadings did not authorize it, even if the evidence had shown the last contract to be but a continuation or consummation of the first contract.

GRANT E. LILLY for appellant.

YANTIS & JOHNSTON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant instituted this action against appellee on the following writing:

### "AGREEMENT.

"Whereas, the Premier Royalty Company and John Wilcox, of Irvine, Ky., has negotiated a sale of the Cumberland Producing and Refining Company's oil property on the Clay Alexander, William Alexander and Nelson Tipton farms, Carr creek, Estill county, Ky., to the Wyoming-Kentucky Oil Company.

"We agree to pay to said Premier Company, Inc., and John Wilcox 10% of said purchase price of $32,000.00, payable as and when payments are made. One-half of said commission to be paid each as made payable at Williams & Sons Bank, Irvine, Ky.

"(Signed) D. H. FOSTER, Sec.-Treas.

"CUMBERLAND PRO. & REF. Co.

"Witness: LILLIAN COLLETT."

The answer denies that at the time of the execution of the instrument sued on plaintiff had sold any oil property for the defendant to any third party; and then alleges by way of affirmative defense that plaintiff and one John Wilcox conducted negotiations with the Wyoming-Kentucky Petroleum Company, a corporation, with a view to a sale by defendant to that corporation of certain oil property, and on or about the 4th day of August, 1918, the negotiations had so progressed that a written memorandum of a proposed sale of the oil property by defendant to the Wyoming-Kentucky Petroleum Company was drawn up and signed by the parties; that under its terms it was proposed that defendant would sell and convey to the Wyoming-Kentucky Petroleum Company the oil properties referred to for thirty-two thousand dollars, to be paid for as follows, to-wit: Five thousand dollars on August 24, 1919, five thousand dollars September 7, 1918, three thousand dollars on September 24, 1918, five thousand dollars October 24, 1918, five thousand dollars November 24, 1918, and nine thousand dollars December 24, 1918, but that said memorandum was not delivered and it was expressly understood and agreed between this defendant and the said Wyoming-Kentucky Petroleum Company, which agreement was well known to the plaintiff and said Wilcox, that said memorandum was not to be delivered or to become effective or binding upon either of the said parties thereto unless and until said first payment of five thousand dollars was made in cash on August 24, 1918.

That thereafter, this defendant did, on the 15th day of August, 1918, execute and deliver to plaintiff the written agreement filed with the petition, whereby it promised and agreed to pay to plaintiff one-half of the commission for said proposed sale of said oil properties as and when payments thereof were made to plaintiff under said proposed contract of sale, and not otherwise.

It is then alleged that the Wyoming-Kentucky Petroleum Company without the consent of defendant and contrary to its wishes failed to pay the five thousand dollars in cash on the 24th day of August, 1918, and that although defendant for a reasonable time thereafter, in good faith, requested and urged said Wyoming-Kentucky Petroleum Company to make the first payment, and to thereby effect a purchase of said oil properties in accordance with the terms of the proposed sale, the Wyoming-Kentucky Petroleum Company failed and refused to

make the payment or to make effective or binding the memorandum of sale, and the proposed sale was abandoned by the Wyoming-Kentucky Petroleum Company, and neither said proposed sale nor the contract for commissions shown in the writing filed was ever consummated or entered into, and no payment was ever made to defendant under the contract of August 4th, and no right of action ever arose to or existed in either defendant or the Wyoming-Kentucky Petroleum Company under said memorandum or proposed contract of sale.

Thereafter there was filed with the answer and as a part thereof the proposed contract which shows on its face that possession of the property therein referred to was not to be delivered until after the first payment of five thousand dollars on the 24th day of August, 1918; it further shows that the Wyoming-Kentucky Petroleum Company was to have until the 24th of August, 1918, in which to have the titles to the property examined, and if the titles were found not to be good and merchantable titles the Wyoming-Kentucky Petroleum Company was to have the right to refuse to carry out the contract; it also provided that the contract was executed in duplicate and was to be deposited in escrow with the Phoenix and Third National Bank of Lexington and held by that bank until the sum of five thousand dollars is paid to it by the second party for the first party in payment of the five thousand dollars due on or before August 24, 1918, and upon payment of which the bank was to deliver the original copy to the second party and deliver the other copy, together with the notes therein referred to, to the first party, and then the contract provides:

"If said payment of said five thousand dollars is not made on or before August 24, 1918, this contract and this conveyance shall no longer be binding upon the first party herein."

The issues were completed and upon a trial the court directed a verdict for the defendant, and the plaintiff being dissatisfied filed its motion and grounds for a new trial, and upon refusal of the court to grant same, has appealed.

On the trial the evidence showed that the representative of appellant, who had assisted in conducting the negotiations up to the time the contract of August 4th was executed, was familiar with the terms of that instrument at the time the paper sued on was executed on the 15th day of August, 1918, and the very terms of that paper

itself show that it was only a tentative agreement to pay the commission—that is, it agreed to pay appellant and Wilcox each five per cent of the purchase price of thirty-two thousand dollars "as and when payments are made" by the Wyoming-Kentucky Petroleum Company to it. On its face it has reference to a contract or existing agreement between the Cumberland Producing and Refining Company and the Wyoming-Kentucky Petroleum Company, and the payment of the commissions therein referred to are, under its terms, to be paid only when payments are made to it under the terms of its contract with the Wyoming-Kentucky Petroleum Company.

Manifestly, the paper. of August 15th was made in view of and intended to be dependent upon whether the contract of August 4th ever became effective. On its face no other interpretation can be given to it for it only agrees to pay the commissions as and when the payments are made under the contract referred to, and even if the evidence did not show that the representative of appellant knew of the terms and conditions of the writing of August 4th, it might fairly be presumed from the very face of the instrument of August 15th.

The instrument of August 4th was only a tentative sale—that is to say, it fixed the terms of a sale to be effectuated in the future if certain conditions were met by each of the parties within the specified time. It was to be placed in escrow, and one party had a right to refuse to comply with its terms on a certain day in the future unless that party upon investigation found a merchantable title; on the other hand the other party under its terms had a right to treat the whole thing as noneffective if by a certain date a payment of so much money was not made for its use and benefit.

The evidence on the trial showed without contradiction that the Wyoming-Kentucky Petroleum Company was unable to comply with the conditions of the contract by the payment of the first five thousand dollars on the 24th of August, and although thereafter the other party was anxious for it to comply and gave it an opportunity to do so, that company was unable to do so and the papers were withdrawn from escrow and the matter considered at an end.

The evidence disclosed, however, that in December following, the Cumberland Producing and Refining Company did effectuate a sale of the same property to the Wyoming-Kentucky Petroleum Company, but that it was

a separate and distinct deal, upon different terms and for a much less price than that named in the contract of August 4th; but there is nothing in the evidence to show that appellant company had anything to do with the last contract.

Under the pleadings as they are, even if the evidence showed that the second sale was effectuated as a mere continuation of the first negotiations, and was in fact, although upon different terms, a part of the same transaction, still the plaintiff in this action could not recover for the reason that the pleadings ask a recovery only under the paper of August 15th, and that paper on its face and according to the uncontradicted evidence only provided for a payment of commissions when certain sums of money were paid to the Cumberland Producing & Refining Company under the terms of a contract with the Wyoming-Kentucky Petroleum Company then in existence.

The facts set up in the answer and shown in the evidence disclosed a total failure of consideration, and the trial court had no alternative except to give peremptory instructions. Under the evidence there had been no contract of sale consummated which entitled appellant to any commissions under the terms of that paper.

Appellant, however, contends that inasmuch as the evidence showed that under the last contract of sale, which was consummated, the Cumberland Producing & Refining Company had received in payment from the Wyoming-Kentucky Petroleum Company fifteen thousand three hundred and eighty-five dollars, appellant was entitled to a peremptory instruction for five per cent of that amount.

But for two reasons this cannot be. First, under the pleadings appellant could only recover under the terms of the writing of August 15th; and, second, the evidence failed to show that the contract of December 21, 1918, under which the sale was consummated, resulted from or had any connection whatsoever with the negotiations which appellant had conducted prior to the 4th of August, 1918.

Judgment affirmed.