## Bowles v. Manning, Judge.

(Decided December 8, 1922.)

Petition for Writ of Prohibition.

1. Prohibition—Court Exceeding Jurisdiction.—The defendant was acting without, or in excess of, his jurisdiction as judge of the circuit court when he entered an order requiring the plaintiff to give a peace bond and committing him to jail for ninety days in default thereof, in plaintiff's absence and without his knowledge or an opportunity to be heard, and when no charge had been lawfully preferred against him.

2. Prohibition—Habeas Corpus—Remedy.—As there is no appeal from such an order, and plaintiff is in jail thereunder, and as the county judge has refused to entertain an application for a writ of habeas corpus, plaintiff was without other adequate legal remedy, and a case was presented for this court's intervention by writ of prohibition to prevent the further enforcement of the order.

3. Prohibition—Relief Writ May Give.—Having acquired jurisdiction to prevent what remains to be done under the order, the writ may give complete relief by ordering plaintiff's release from custody under the order.

MORRIS & JONES and T. H. WEBB for plaintiff.

OPINION OF THE COURT BY JUDGE CLARKE—Granting writ of prohibition.

By petition filed in this court, the plaintiff, Sherman Bowles, seeks a writ of prohibition against the Honorable A. T. W. Manning, judge of the Clay circuit court, to prevent the further enforcement of an order committing plaintiff to jail because of his failure to execute a peace bond for $2,000.00, and requiring defendant to order plaintiff's release from the custody of the jailer thereunder. The defendant has not answered, and the following facts are established without contradiction:

Plaintiff, on September 27, 1922, was arrested by a deputy sheriff of Clay county, without a warrant and when he had not committed any offense in his presence or at all, and taken before the defendant as judge of the Clay circuit court, then in session, and without being informed of the nature of the charge preferred against him, and when no charge had been preferred against him by affidavit, indictment, information or otherwise, was required by defendant to give bond in the sum of

$500.00 to answer any indictment that might be found against him, and in default of such bond was committed to jail.

Thereafter, on the 13th day of October, the defendant, in the absence of the plaintiff and without his knowledge, entered the following order:

"The defendant, Sherman Bowles, being in the custody of the court, and being required to execute a peace bond in the sum of $2,000.00, after investigation by the court, to keep the peace and be of good behavior for a period of twelve months, and if he shall fail to execute same he shall be placed in the jail of Clay county for a period of ninety days. Defendant was placed in the custody of the jailer and remanded to jail."

According to his petition and affidavit, no indictment or information is pending against the plaintiff in the Clay circuit court; no complaint has been filed against him by any citizen, claiming that he had threatened to injure any person or property; and within twelve months next before the entry of the order, he had not been guilty of any offense involving a felony, a breach of the peace, of being drunk or disorderly, or of violating the prohibition law. No proof was offered or heard in court which tended to show that he had committed an offense or that there were reasonable grounds for apprehending he would commit an offense against the person or property of another, and plaintiff did not know that the order had been entered requiring him to execute a peace bond and committing him to jail in default thereof until after the final adjournment of the court for the term on October 14, 1922.

The affidavit of the county judge is filed, reciting that:

"After fully considering the matter and being advised, this affiant declines to entertain a motion or affidavit or petition for writ. of *habeas corpus* in favor of said Bowles, because of the fact that the order was made or passed upon by the circuit judge, a court of greater jurisdiction than the county judge, and said order entered in said court requiring said peace bond."

The affidavit of the circuit clerk recites that the affiant:

"Has made a careful examination of the records of the Clay circuit court and has failed to find where any indictment, information or affidavit was ever filed in

said court during the September term, 1922, against
the plaintiff herein, and he failed to find any warrant
returned against him, and he has no recollection of ever
issuing any warrant against him and there is no record
showing that there was ever any warrant issued against
the plaintiff herein, or that there was ever any investi-
gation or trial had before the order requiring him to
execute a bond to keep the peace and be of good behavior
in the sum of $2,000.00, was entered, but that the court
directed an order to be entered requiring the plaintiff,
Sherman Bowles, to execute a bond to keep the peace
and be of good behavior for a period of twelve months
in the sum of $2,000.00, and affiant, as clerk aforesaid,
entered said order after the usual form of said orders.''

That no court or judge is, or can be, vested with the
arbitrary power under our form of government to de-
prive a citizen of his liberty without being given an op-
portunity to be heard and when no charge of any kind
has been lawfully preferred against him, is entirely too
clear for argument, as is the fact that defendant was
acting wholly without or in excess of his jurisdiction—
and it does not matter which—in requiring the plain-
tiff to give a peace bond and committing him to jail in
default thereof in the manner and under the facts es-
tablished without contradiction by this record.

As there is no appeal from an order which a circuit
court may enter requiring a person to give a peace bond
and committing him to jail in default thereof under the
general law (Lowe v. Commonwealth, 129 Ky. 565, 112
S. W. 647), and as the Rash-Gullion Act expressly pro-
vides that there shall be no appeal from an order there-
in provided for requiring a defendant to execute such
a bond upon conviction of a violation of that act; and as
the county judge has refused to entertain an application
for a writ of *habeas corpus,* we think plaintiff was with-
out any other adequate legal remedy and a case is
clearly presented for our intervention by a writ of pro-
hibition under section 110 of the Constitution, and the
cases construing same.

And upon authority of the recent case of Stewart,
et al. v. Woods, Judge, 193 Ky. 824, 237 S. W. 657, and
authorities therein cited, a writ will issue forthwith
prohibiting the defendant from further enforcement of
the order requiring plaintiff to execute a peace bond
and committing him to jail, and also directing him to set
aside that order; and a copy of this writ delivered to

the jailer will be sufficient authority for his immediate release of plaintiff from custody under such commitment.