## Waggoner et al. v. Commonwealth.

(Decided May 8, 1934.)

CLEON K. CALVERT and W. L. HAMMOND for appellants.

BAILEY P. WOOTTON, Attorney General, DAVID C. WALLS, .Assistant Attorney General, DANIEL BOONE SMITH and GOLDEN. :LAY & GOLDEN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— .Dismissing appeal.

At the February term, 1934, of the Bell circuit ·court, Jim Tom Waggoner, R. R. Evans, and Henry ·Crawford were jointly indicted for the crime of unlawfully banding and confederating together for the purpose of intimidating, alarming, and disturbing Henry .Jackson and others. When the indictment. was returned, the court, by indorsement thereon, fixed the bail of each ·of the defendants at $15,000. Evans was the only on: of the defendants who was able to give bond for his appearance. When the case was called for trial, the com-·monwealth elected to try R. R. Evans first and the trial ·resulted in a verdict finding him not guilty of the charge in the indictment. At the close of the trial of Evans, the court entered an order in the case, the pertinent :part of which reads:

"The Judge of this court having heard the evidence testified to on the trial of the Commonwealth of Kentucky against R. R. Evans, and being advised, is of the opinion that the defendant, Harvey Crawford and Jim Tom Waggoner are dangerous, violent men and it being known to the court that the said Jim Tom Waggoner has often been in trouble and also that Harvey Crawford has likewise been in trouble, and it appearing to the court that the safety of life and the security of property requires the said Jim Tom Waggoner and Harvey Crawford to be required to file bonds to keep the peace in the sum of $5,000.00 to be of good behaviour towards all persons for the period of one year, and it is further ordered that if they or either of them fail to file said bond that they each be confined in the county jail for a period of three months."

Thereafter, Waggoner and Crawford entered a motion setting forth the foregoing facts and, in addition, stated that immediately after the jury returned a verdict finding Evans not guilty, the commonwealth's attorney moved the court to dismiss the indictment against the other defendants, but that the court overruled the motion and caused them to be brought into court, and, in addition to the $15,000 bail bond, required each of them to execute a peace bond in the sum of $5,000 as security to keep the peace and in default of such bond they were again committed to jail; that they are poor men and in practically destitute circumstances; that they were ready for trial at that term of the court, but that on motion of the commonwealth's attorney, the case against them was continued until the May term, 1934, and they asked the court to grant them a hearing and to reduce the bail bonds to a sum commensurate with the offense charged in the indictment and to set aside the order requiring them to give security to keep the peace.

The commonwealth's attorney filed a response in which it was stated that he did not make a motion to dismiss the indictment against Crawford and Waggoner, but merely asked the court privately if he would be inclined to sustain such a motion as a protest against the action of the jury in acquitting Evans.

On a hearing of the motion, the court reduced the bail from $15,000 to $5,000 for each of the defendants,

.but refused to set aside the order requiring each of them to execute a peace bond in the sum of $5,000. From the latter order, defendants are appealing.

As grounds for reversal it is argued (1) that the $5,000 bail bond in cases for confederating under section 1241a-1, Kentucky Statutes, is so excessive as to violate the constitutional guaranty against excessive bail being required as provided in the Bill of Rights (Constitution, sec. 17), and (2) that the court in the circumstances was not authorized to require security to keep the peace.

On behalf of the commonwealth it is argued that there is no right of appeal from the order complained of and that this court is without jurisdiction to hear and determine the appeal.

Section 335 of the Criminal Code of Practice relating to appeals in felony cases provides in part:

"An appeal shall only be taken on a final judgment, except on behalf of the Commonwealth."

Section 347 of the Criminal Code relating to appeals in misdemeanor cases grants to defendants the right to review by the Court of Appeals where the judgment is for a fine for as much as $50 or for imprisonment exceeding 30 days.

In the case of Lowe et al. v. Commonwealth, 129 Ky. 565, 112 S. W. 647, 649, 33 Ky. Law Rep. 1078, defendant was appealing from an order requiring him to give bond in the sum of $2,500 conditioned that he should keep the peace for a period of 12 months and directing that the bond should be executed at once or that the defendant be placed in jail. The court, after pointing out that there was no provision for an appeal in the section of the Code regulating proceedings requiring security to keep the peace (section 382 et seq., Criminal Code of Practice), and that such right was not conferred by the provisions of the Civil Code or Criminal Code relating to appeals in civil or criminal cases, said:

"The code provisions undertake to deal with the subject in detail, defining the mode of procedure with much particularity, and yet no provision is made therein for an appeal from the finding of the circuit judge. Whether the lawmakers . failed to

make such a provision because they intended that ultimate power should be rested with the circuit judge, or whether they regarded any order which he might make as an interlocutory one, and not a final order, and therefore not subject to appeal, we do not know; but certain it is that there is no statutory authority in this state authorizing an appeal. The order of the court is not final, for the judge has control over it during its legal existence, to wit, the time the bond has to run.''

In the case of Deskins v. Childers, Judge, 195 Ky. 208, 242 S. W. 9, 11, where the defendant was charged with a violation of the liquor laws, and, in addition to the judgment for fine and imprisonment, was required to execute a bond conditioned that he should keep the peace and not violate the intoxicating liquor laws for a period of 12 months and in default of same he would be confined to jail for a period of 90 days, the court, after reviewing the statutes and authorities bearing on the question, said:

"The court being without either statutory or common-law authority to require the execution of the bond by plaintiff as a consequence of his conviction, it exceeded its powers in so doing.

"An appeal, however, does not lie from an order requiring the execution of a bond to be of good behavior, and to keep the peace, when such has been required under sections 382 to 393, inclusive, Crim. Code. Lowe v. Commonwealth, 129 Ky. 565, 112 S. W. 647, 33 Ky. Law Rep. 1078. A similar principle must apply to bonds exacted for future good behavior of every kind, unless an appeal is given by statute.''

In the case of Bowles v. Manning, Judge, 196 Ky. 728, 245 S. W. 506, Bowles by an original action filed in this court was seeking a writ of prohibition against the circuit judge to prevent the further enforcement of an order committing him to jail because of his failure to execute a peace bond for $2,000, and to require the judge to order his release from the custody of the jailer, this court in granting the writ of prohibition pointed out that there is no appeal from an order entered by a circuit judge requiring a person to give a peace bond and committing him to jail in default thereof.

What has been said with respect to the right of appeal from an order requiring a person to give a peace bond applies with equal force to orders requiring bail bonds. Authority for such appeals is not to be found in either section 335 or 347 of the Criminal Code nor elsewhere in the Code or Statutes.

Some of the cases hereinbefore cited clearly indicate that appellants are not without a remedy, but we are not called upon to determine that matter, except to say that whatever remedy they may have is not by appeal. Since the right of appeal is purely statutory and there is no statute authorizing an appeal from the order complained of, this court is without jurisdiction in the matter, and the appeal is therefore dismissed.

Whole court sitting.