## Adkins v. Regan, Jailer.

October 17, 1950.

Joseph J. Bradley, Judge.

696

Harry B. Miller, Harry B. Miller, Jr., for appellant.

Richard Stoll, City Attorney, James Park, Commonwealth Attorney, for appellee.

JUDGE LATIMER—Reversing.

Appellant, Robert Adkins, was arrested on two warrants procured by his father-in-law, Raymond Courtney. One warrant was for breach of peace. The other was for a peace bond pursuant to Section 382 of the Criminal Code of Practice. On the evening of the arrest, which was September 26, 1950, appellant was released on bond of $100 in each case. Five days later trial was held on both warrants before the Honorable Thomas J. Ready, Police Judge of the City of Lexington. At the close of the testimony, the breach of peace charge was dismissed but the court required appellant to give a bond in the sum of $5,000 to keep the peace. Being unable to execute bond, appellant was placed in custody of the jailer of the city workhouse until such time as he could execute the bond, or for a period of 90 days, whichever should be the shorter.

No transcript was made of the testimony. The only facts we have here are those related by counsel in brief for appellant, which, as far as this record shows, stand undenied.

The principal witness for the Commonwealth was the father-in-law of appellant, who, according to brief, stated that the life of his daughter, appellant's wife, was in great danger because appellant had cruelly beaten her on September 22, 1950 and theretofore on August 5. He admitted that he had never personally witnessed any of these alleged beatings but based his testimony upon the fact that he had found bruises or marks on his daughter. The father-in-law further testified that he was not afraid of appellant but thought appellant had threatened him.

Other witnesses testified that they had seen the wife of appellant bleeding on August 5 after an alleged altercation between her and appellant.

The landlady of appellant and wife testified that on the night of September 22, 1950, she heard noise in appellant's room and, upon going to the room, the wife of appellant informed her that she had threatened her husband with a butcher knife and that appellant had taken the knife away from her, but that he had not harmed her in any way.

Appellant then took the stand and testified that on the night of September 22nd, he had taken a knife away from his wife, and that in the scuffle for the knife, the wife accidentally received a black eye. He stated that on the occasion of August 5th his wife had thrown a rock through the window of the automobile in which he was sitting, and that when his wife procured another rock, he got out of the car and took it away from her, but that he never intentionally struck or threatened her in any way.

The wife, who is an expectant mother, was then called to testify for the defense and corroborated her husband fully in his testimony. The wife further testified that she was not afraid of her husband; that he at no time had ever threatened her and that the trouble was all her fault.

Under this evidence, the bond above was set. Immediately thereafter appellant moved the police court to reduce the bond. This motion was overruled. Pursuant to Section 399 of the Criminal Code of Practice, application was made to the Honorable Joseph J. Bradley, Judge of the Criminal, Common Law and Equity

Division of the Fayette Circuit Court, for a writ of habeas corpus. In his petition, supported by two affidavits, appellant contended that (1) he was entitled to a directed verdict; and if mistaken in the first, (2) the bond fixed was so excessive as to be a violation of Section 17 of the Kentucky Constitution, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted."

It is stated in appellant's brief that when application for writ was filed, the court was concerned with the question of jurisdiction. The judgment reads: "This cause coming on for hearing on the plaintiff's petition, and the affidavits * * * and the Honorable Joseph J. Bradley, Judge * * * having had a hearing at which the plaintiff was present and at which counsel for plaintiff and counsel for defendant were present, and the Judge having considered the petition of the plaintiff and the response of the defendant, and the Court being sufficiently advised, it is hereby ordered and adjudged that the plaintiff's petition be, and the same is hereby, dismissed, * * *."

We are not especially concerned with what was in the mind of the court at the time of the dismissal of the petition. The important question presenting itself was whether or not appellant was entitled to the relief he sought. Criminal Code of Practice, Section 382, sets out the grounds for requiring bond to keep the peace.

Section 385 provides: "The security required by a circuit, county or police court may be for keeping the peace, or for good behavior, for any length of time not exceeding one year. If it be required by a magistrate, it shall be for keeping the peace, or for good behavior, until the defendant shall appear before the circuit court of the county, on the first day of its next term, before which court the defendant shall also be bound, with surety, to appear, and not depart without leave of the court."

The above section provides for the circuit court to hear the matter if the bond be required by magistrate, but does not so provide where the security is required by police court. The rule is that no appeal lies from an order requiring defendant to execute a bond to keep the peace. Wagoner v. Commonwealth, 254 Ky. 200, 71 S.W.2d 421.

It will readily be observed that if appellant was held under an invalid order, being so because violative of Section 17 of the Constitution, his procedure by petition for writ of habeas corpus was proper. The question, then, for the court to have heard and considered was whether or not, under the circumstances, the bond required was so excessive as to be violative of the above section of the Constitution.

It is not necessary here to go into the history of the ancient writ of habeas corpus nor show the manner in which it has been a safeguard of personal liberty, and a shield from tyranny and oppression. This sacred right has been discussed by many eminent jurists, commencing with Chief Justice Marshall.

In 25 Am.Jur., Habeas Corpus, Section 88, the general rule is stated thus: "It is a general rule that Habeas Corpus lies to procure the discharge upon bail in a proper amount of one who is held under excessive bail, * * *."

In 8 C.J.S., Bail, sec. 51, it is said: "A reduction of bail may be obtained either by a simple application to the court, or by habeas corpus * * * where the amount thereof is clearly disproportionate to the offense or is unreasonably large; * * *." See also the cases cited in the footnotes to the above sections.

Section 399, Criminal Code of Practice, provides: "The writ of habeas corpus shall be issued upon petition on behalf of anyone showing, by affidavit or otherwise, probable cause to believe he is detained without lawful authority, or is imprisoned when by law he is entitled to bail."

The generally recognized objective of a peace bond is not to deprive of liberty but to exact security for the keeping of the peace. Reasonableness in the amount of bail should be the governing principle. The determination of that question must take into consideration the nature of the offense with some regard to the prisoner's pecuniary circumstances. If the amount required is so excessive as to be prohibitory, the result is a denial of bail.

Under the circumstances of this case, obviously bailable by law, it appears to us that the requirement

of $5,000 bail is so clearly disproportionate and excessive as to be an invasion of appellant's constitutional right.

We, therefore, conclude that the circuit court should have granted the prayer of the petition, and, as was done by the court entertaining the writ, as appears in Huff v. Diebold, Sheriff of Campbell County, 313 Ky. ——, 233 S.W.2d 274, placed the petitioner under an appropriate and reasonable bond for his appearance before the police court for bond reasonably in keeping with the offense charged and the pecuniary circumstances of the petitioner.

The judgment is reversed with directions so to do.