THE STATE *v.* ALLGOOD LOCUST and HAWKINS PEARSON

Heretofore, the Superior Courts have had no power to give judgment for such of the costs upon a State warrant as accrued before the magistrate, who tried it and failed to give judgment for such costs. *Now*, the matter is regulated by Act of 10th April, 1869, "Proceedings in criminal cases," giving them control thereof.

Cases sent up on *pro forma* judgments will not hereafter be considered. (Wilson's case, 1 Jon., 550, cited and approved.)

MOTION to tax defendants with costs, heard by *Thomas, J.*, at WILSON, Spring Term 1869.

The defendants had been bound before a magistrate to keep the peace towards one Hagan, &c., until that Term of the

Court. At that Term the defendants appeared, but Hagan did not. Thereupon they moved to be discharged, and the Solicitor moved besides to have them taxed with costs.

The Court declined to tax the defendants with the costs because of a want of power so to do, and discharged them. The Solicitor appealed.

*Attorney General,* for the State.

*Strong, contra.*

DICK, J. A proceeding upon a "peace warrant" is now declared to be a criminal action, Code Civil Procedure, sec. 5 subdivis. 2, and it is regulated by a Statute entitled, "Proceedings in criminal cases," ratified the 10th day of April, 1869. Previous to the ratification of the C. C. P., and the Statute aforesaid, such proceedings were regulated by the common law, and the learning upon the subject will be found in Bacon's Abridgement, Tit. "Surety of the Peace," 1st Durn. and East. 696, 13 East. 171; Wilson's case, 1st Jon., 550.

Such proceedings must be summary and conclusive to render them effectual for the protection of the complainant and to secure the public peace, and generally there is no appeal from the action of the Justice or Judge in the matter.

This case was commenced after the ratification of the C. C. P., and is therefore a criminal action. At the time this case was heard in the Court below, there was no Statute regulating costs in such matters, but provision has since been made in the Statute above referred to, ch. 2, sec. 14. The Justice who acted upon the complaint in this action did not enter up judgment for the costs of the proceedings before him, and the Judge of the Superior Court had no power to render judgment for such costs, *State* v. *Wilson, ubi supra.* The rule has since been altered by the Act defining "Proceedings in criminal cases," and the Judges of the Superior Courts are now invested with a large discretion upon questions of costs in criminal actions. We think his Honor had the power to render a judgment against the defendants for the costs of the

Superior Court, and as he did not exercise his discretion in the matter, on the ground of a want of power, the judgment is overruled, but without costs in this Court against the defendants. We take occasion to remind the Judges of the Superior Courts, that we will not hereafter consider cases sent to this Court upon *pro forma* judgments, as this Court is entitled to the benefit of their well considered opinions upon questions of law, which may arise in such cases.

Let this opinion be certified.

PER CURIAM.                                   Judgment reversed.