STATE v. ZENO LYON.

*Peace Warrant—Appeal.*

1. An appeal does not lie to the Superior Court from the action of a justice of the peace requiring a party brought before him on a peace warrant, to give bond to keep the peace. It is suggested, that in a proper case the action of the justice might be reviewed by a *certiorari* or *habeas corpus.*

2. Where a justice bound a party over to keep the peace, and on appeal to the Superior Court, the order of the justice was reversed, and the prosecutors ordered to pay the costs, who appealed to the Supreme Court; *It was held,* to be erroneous.

(*State* v. *Locust,* 63 N. C., 574, cited and approved).

Proceedings on a PEACE WARRANT, heard before *MacRae, Judge,* at June Special Term, 1885, of the Superior Court of GREENE county.

On the first day of September, 1884, the appellants applied for, and obtained from a justice of the peace in the county of Greene, a peace warrant against one Zeno Lyon. Lyon was arrested and taken before the justice of the peace, who, on the 24th day of the same month, made his order requiring him, with sureties, to enter into a recognizance, as allowed by law in such cases, in the sum of $200, conditioned that he should keep the peace generally, and particularly towards the present appellants. From that order, the defendant Lyon appealed to the Superior Court. That Court heard the matter of the warrant mentioned *de novo,* and made an order discharging the defendant Lyon, and gave judgment against the prosecutors, the present appellants, for the costs of the action. The appellants excepted and appealed.

*Attorney General,* for the State.
*Messrs. Bryan & Burkhead,* for appellants.

MERRIMON J., (after stating the facts). The counsel for the present defendants insisted on the argument before us, that no

appeal lay in favor of the defendant in the peace warrant, from the order of the justice of the peace requiring him to enter into a recognizance to the State, conditioned that he would keep the peace and be of good behaviour, &c. We are of that opinion, and think that the Superior Court should have dismissed the supposed appeal.

A " peace warrant" is denominated in The Code *a criminal action*, but it is no part of its purpose to charge a party with a criminal offence, try him for the same, and, if found guilty, impose a punishment upon him. It is a proceeding in the administration of preventive justice, the purpose of which is to oblige a person, who, there is probable ground to believe, will commit some criminal offence, or do some unlawful act, to stipulate with and give satisfactory assurance to the public, that such apprehended offence will not happen; that he will keep the peace and be of good behaviour generally, and in such cases, specially toward a person, or persons named. The party recognized is only required to do what a good citizen ought to do without compulsion. Sir William Blackstone says: " This preventive justice consists in obliging the persons whom there is a probable ground to suspect of future misbehaviour, to stipulate with, and give full assurance to the public, that such offence as is apprehended shall not happen; by finding pledges or securities for keeping the peace, or for their good behaviour. This requisition of securities has been several times mentioned before, as part of the penalty inflicted upon such as have been guilty of certain gross misdemeanors; but these also must be understood rather as a caution against the repetition of the offence than any immediate pain or punishment." 4 Bl. Com., 252.

The nature of the purpose to be so subserved, suggests and requires that the action of the officer requiring such security of a party, must be conclusive, and not subject to the right of the appeal, ordinarily. An appeal, in the absence of any statutory regulation to the contrary, would vacate the order requiring security

to keep the peace, and the persons, from whom danger is apprehended, might without such restraint, commit the offence pending the appeal. Hence, Justice DICK said in *State* v. *Locust*, 63 N. C., 574, that such proceedings must be summary and conclusive to render them effectual for the protection of the complainant, and to secure the public peace, and generally there is no appeal from the action of the justice of the peace in the matter."

This view is not in conflict with the provision of the Constitution (Art. XVIII, §27), and the statute—The Code, §900—allowing appeals from justices of the peace in criminal cases. These provisions have reference to criminal cases wherein the magistrate gives judgment against a party charged with a criminal offence, and imposes on him a punishment by fine or imprisonment. This is apparent from the nature of the matter, and as well from the language employed in The Code, §§900, 901, 903. They refer to the *conviction* and *sentence* of defendants.

It is asked, " Is there no remedy, if the action of the justice of the peace is manifestly erroneous, or if he shall prostitute his powers?" It is not to be presumed that he will be in error, or prostitute his powers; but if he should, the law does not provide that such wrong shall be corrected by appeal, and for the reasons already stated.

It may be that the action of the justice of the peace in such a case as that suggested, might be taken to the Superior Court by *certiorari;* or if the party complaining should be in close custody, he might obtain relief by *habeas corpus,* but we are not called upon to decide any question in this respect.

There is error. The judgment of the Superior Court reversing the order of the justice of the peace, must be reversed, and the appeal to that Court dismissed.

To that end let this opinion be certified to that Court.

Error.                                                        Reversed.