WEISSELMAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 19 — February 2, 1897.*

*Appeal: Jurisdiction of county court of Waukesha county: Security to keep the peace.*

A proceeding under ch. 196, R. S., "to prevent the commission of crime," by binding over to keep the peace, is not the trial of a criminal offense, but a proceeding before a magistrate; and an appeal from the final order therein must, under sec. 4827, R. S., be ,taken to the circuit court. This rule is not changed by ch. 99, Laws of 1891, giving to the county court of Waukesha county concurrent civil and criminal jurisdiction in, certain cases, or by ch. 22, Laws of 1895, creating a municipal court in that county and giving to it the criminal jurisdiction of a justice of the peace, and an appeal will not lie from an order of the municipal court in such a case, to the county court.

ERROR to review a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

The case is stated in the opinion.

For the plaintiff in error there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.* They contended that sec. 7, ch. 99, Laws of 1891, so amended all laws then in force relating to appeals from justices' courts in *Waukesha* county, that appeals, whether in civil or criminal cases, should be taken to the county court. The municipal court was in fact acting in this matter as a justice's court. If taken to the circuit court the appeal would have been dismissed. *Johnson v. C., M. & St. P. R. Co.* 43 Wis. 431.

For the defendant in error there was a brief by the *Attorney General* and *John L. Erdall,* Assistant Attorney General, and oral argument by the *Attorney General.* They contended that the right of appeal was statutory, and appeals must be taken to the court designated by law. *Western U. R. Co. v. Dickson,* 30 Wis. 389, 392; *Johnson v. C., M. & St. P. R. Co.* 43 Wis. 431.

WINSLOW, J.   The plaintiff in error was arrested on a
" peace warrant " issued out of the municipal court for the
Eastern district of Waukesha county, under sec. 4818 *et seq.*,
R. S.   Upon hearing he was bound over to keep the peace,
and immediately appealed from the order to the *county*
court of Waukesha county, which court dismissed the ap-
peal for want of jurisdiction, whereupon this writ was sued
out.

The question whether the county court had jurisdiction
of the appeal is simply one of construction of statutes.
This was a " proceeding to prevent the commission of crime,"
under ch. 196, R. S.   It was not the trial of a criminal
offense.   It was a proceeding before a magistrate.   By sec.
4827, R. S., an appeal from the final order must be taken
to the circuit court of the county.   This section controls,
unless it has been changed by ch. 99, Laws of 1891, which
conferred certain jurisdiction upon the county court of
Waukesha county, or by ch. 22, Laws of 1895, which cre-
ated the said municipal court.   Ch. 99, above mentioned,
conferred upon the county court of Waukesha county con-
current jurisdiction with the circuit court of all *criminal*
*offenses* not punishable by imprisonment in the state prison,
and also provided that *all appeals from judgments* rendered
by justices of the peace in *criminal cases* should be taken to
the county court, instead of to the circuit court.   The order
in question was not a judgment in a criminal case, nor was
the examination a trial of a criminal offense; therefore
neither of the provisions above referred to gives jurisdiction
of this appeal to the county court.   There are no provisions
in the act creating the municipal court which expressly or
impliedly repeal the provisions of sec. 4827.   The act makes
that court a court of record, gives the judge the powers and
jurisdiction of a justice of the peace in criminal actions and
proceedings; also gives it concurrent jurisdiction with the
circuit court in all offenses except murder, and provides that

its judgments in criminal cases may be reviewed by this court in the same manner as a judgment of the circuit court. The county court properly dismissed the appeal.

*By the Court.*— Judgment affirmed.