THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS FARNUM, PLAINTIFF IN ERROR.

Argued February 20, 1901—Decided June 10, 1901.

1. In charging a violation of section 68 of our Crimes act, it is sufficient to describe the liquors sold, &c., as "spirituous, vinous, malt and intoxicating." *State* v. *Fox*, 1 *Harr.* 152, distinguished.
2. Duplicity in an indictment is cured by a plea of guilty.

On error to the Camden Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the state, *Frank T. Lloyd,* prosecutor of the pleas.

For the defendant, *John L. Semple* and *Beasley & Walker.*

The opinion of the court was delivered by

DIXON, J. The defendant pleaded guilty to an indictment found in the Camden Oyer and Terminer, charging that, on Sunday, the 10th day of June, 1900, and on divers Sundays between that day and the taking of the inquisition, in a certain house on the corner of Ninth and Lawrence streets, in the city of Camden, the defendant unlawfully and habitually sold, offered to sell and exposed for sale, to certain

persons named and other persons whose names were unknown
to the grand jury, certain spirituous, vinous, malt and intoxi-
cating liquors, and that such sales were contrary to law.

After judgment, the defendant sued out this writ of error,
and now complains that the indictment is defective for not
designating more particularly the kind of liquors, and for
duplicity.

Section 68 of our Crimes act (*Pamph. L.* 1898, *p.* 794)
makes it a misdemeanor to sell, offer to sell or expose for sale
"any spirituous, vinous or malt, or any intoxicating liquors"
on Sunday.  On the principles of the common law, a person
who engaged in such practices habitually in any building
would be guilty of keeping a disorderly house (*State* v. *Wil-
liams,* 1 *Vroom* 102; *Meyer* v. *State,* 13 *Id.* 145), but by
section 74 of our Criminal Procedure act (*Pamph. L.* 1898,
*p.* 866), in all such cases the indictment is required to be,
"in form, for the sale of intoxicating liquors contrary to law."

The averments of this indictment clearly indicate conduct
on the part of the defendant in violation of the prohibition
created by the application of the common law principle to said
section 68, and comply with the direction of said section 74
as to form, so far as the words of those statutes seem to
require.

But to support his first objection the defendant relies on
the decision in *State* v. *Fox,* 1 *Harr.* 152, where, under a
statute forbidding the sale of "any wine, gin, whiskey, cider
spirits, brandy, or other ardent spirits," an indictment charg-
ing the sale of "ardent spirits" was deemed not specific
enough.

This decision has, in more recent years, been regarded as
laying down too stringent a rule (*Sparks* v. *Stokes,* 11 *Vroom*
487; *State* v. *Powder Manufacturing Co.,* 21 *Id.* 75), and
was probably controlled by the precise collocation of words in
the statute.  The legislature had particularized many kinds
of ardent spirits used as a beverage, and then had added
"other ardent spirits" to include only such others as were
used in like manner, while in the indictment before the court
the words "ardent spirits," standing alone, might signify

ardent spirits not so used, and thus charge an act not for-bidden by the statute. On that ground it might properly be held that the pleader must specify the kind of ardent spirits intended, so that the defendant and the court would perceive that a violation of the law was charged.

But there is nothing in that rule to condemn the present indictment, for the very particulars mentioned in the statute are here specified, and no doubt can arise as to the identity of their meaning in the law and in the accusation. Therefore, without considering whether, under said section 74, a descrip-tion of the article sold as "intoxicating liquors" might not be deemed sufficiently particular, we think the present speci-fication is adequate.

The other objection of the defendant is that the indictment is double, in charging sales, &c., on Sunday, and sales, &c., contrary to law.

This is not duplicity, for the acts which are charged to be contrary to law are those charged to have been committed on Sunday. The habitual sales, &c., on Sunday constitute the single offence alleged. But even if the indictment were double, the fault was cured by the plea of guilty. 10 *Encycl. Pl. & Pr.* 539.

The judgment is affirmed.

In the three cases, State *v.* Peter J. Kelly, State *v.* John J. Keefe, and State *v.* Henry Felden, the records and assign-ments of error are the same as in State *v.* Farnum, and for the same reasons the judgments are affirmed.