## E. R. BRADLEY v. S. J. MALEN.

(164 N. W. 24.)

**Magistrate — offense — threats to commit — against person or property of another — order requiring undertaking — to keep the peace — not appealable.**

No appeal lies from the order of a magistrate requiring a person who has threatened to commit an offense against the property or person of another to enter into an undertaking to keep the peace.

Opinion filed July 14, 1917.

From a judgment of the District Court of Foster County, *Coffey,* J., plaintiff appeals.

Affirmed.

*T. F. McCue,* for appellant.

If a justice of the peace can put a stigma upon a person by requir-

ing him to give a bond to keep the peace, and there is no appeal from such order, then it would seem that the civil rights of man as guaranteed by our Constitution are wholly lost. Comp. Laws 1913, §§ 9174–9176, 10,408 to 10,425; Const. § 114.

In such cases habeas corpus is not the proper remedy. State ex rel. Beslow v. Sargent, 74 Minn. 242, 76 N. W. 1129; State ex rel. Peterson v. Barnes, 3 N. D. 131, 54 N. W. 541.

An order of a magistrate with the jurisdiction of a justice of the peace, in requiring a defendant to give bond to keep the peace, is an appealable order, because it is final and affects substantial rights. Weisselman v. State, 95 Wis. 274, 70 N. W. 169; Comp. Laws, 1913, § 425.

Appellate courts liberally construe statutes so as to protect the right of appeal. Houk v. Barthold, 73 Ind. 21; Lloyd v. Sullivan, 9 Mont. 577, 24 Pac. 217; Haas v. Lees, 18 Kan. 449; San Francisco v. Certain Real Estate, 42 Cal. 513.

In a civil action, an order of a justice of the peace dismissing the action and taxing costs is a final decision. Jackson v. Berndt, 24 S. D. 14, 123 N. W. 76; Mannie v. Hatfield, 22 S. D. 475, 118 N. W. 817; Huron v. Carter, 5 S. D. 4, 57 N. W. 947; Houghton's Appeal, 42 Cal. 35.

Where a statutory right of appeal is denied by a trial court, mandamus is the proper remedy. McCreary v. Rogers, 35 Ark. 298; Ware v. McDonald, 62 Ala. 81; Wilkes v. Hunt, 4 Wash. 100, 29 Pac. 830.

C. B. Craven and C. W. Burnham, for respondent.

"Unless provided by statute it has been held that no appeal lies from the order of a justice requiring a recognizance, adjudging costs, or dismissing the complaint." 9 C. J. 397, and cases cited in notes 19–21; 12 Cyc. 332, and cases cited in notes 25, 26.

The undertaking given in such cases provides that defendant shall abide the order of the district court, and the law requires the magistrate to transmit the order and papers to the next district court of the county, when defendant must appear. Comp. Laws 1913, §§ 10,413, 10,416.

Such proceeding is not a criminal case. 9 C. J. 393, and cases cited in notes 17–19.

In Wisconsin the court expressly holds that the statute of that state

authorizes an appeal. Such condition does not exist in this state. Weisselman v. State, 95 Wis. 274, 70 N. W. 169.

No appeal lies even from the final judgment of the district court. State v. Arnold, 56 Kan. 307, 43 Pac. 267.

All proceedings of this nature are to be finally reviewed by the district court of the county, and this insures to defendant all the rights given to him by statute. Comp. Laws 1913, §§ 10,413, 10,425.

CHRISTIANSON, J. The defendant, Malen, is a justice of the peace in Foster county. On November 3, 1915, one J. L. Nicoll laid a complaint before said Malen as such justice of the peace, that the plaintiff, E. R. Bradley, had threatened to kill said Nicoll. Upon the filing of such complaint properly subscribed and sworn to by said Nicoll, the said Malen issued a warrant for the arrest of said Bradley, and Bradley was arrested and brought before said justice of the peace. A hearing was had, at which Bradley appeared in person and by counsel, witnesses were sworn and testified both in behalf of the prosecution and the defendant. After such hearing Malen entered an order requiring the defendant to enter into an undertaking in the sum of $500 conditioned as provided by § 10,413, Comp. Laws 1913. Bradley gave oral notice of an appeal to the district court of Foster county from the order of the said justice of the peace, and requested the justice to fix the amount of the bond to be given on such appeal. The justice refused to fix the amount of such bond, and the plaintiff applied to and received from the district court an alternative writ of mandamus to compel said justice of the peace to fix the amount of the bond. Malen filed a return to said alternative writ setting forth the proceedings had before him, and the trial court entered its order quashing the alternative writ and dismissing the proceedings. Plaintiff has appealed from the judgment entered upon such order.

The sole question presented and argued on this appeal is whether an appeal will lie from an order of a magistrate requiring a person to furnish security to keep the peace in a proceeding instituted before such magistrate under article 3, §§ 10,004–10,425, of chapter 3 of the Code of Criminal Procedure.

Such proceeding is not a prosecution for the commission of an offense, but is a criminal or quasi criminal proceeding to prevent the

commission of a crime. And while in this and practically all other states proceedings to require security against breach of peace are prescribed by statute, such proceedings were also recognized and in force under the common law.

Blackstone stated that preventive justice is preferable to punitive justice. In the chapter upon the means of prevention of offenses, he said: "Preventive justice, upon every principle of reason, of humanity, and of sound policy, is preferable to punitive justice, the execution of which is always attended with harsh circumstances. Preventive justice consists in obliging those persons whom there is a probable ground to suspect of future misbehavior, to stipulate with, and to give full assurance to, the public that such offense shall not happen, by binding pledges or securities for keeping the peace or for their good behavior." Browne's Bl. Com. bk. 4, chap. 28, p. 668.

The statute does not require that a proceeding to require a person to give security to keep the peace be brought before a justice of the peace, but it authorizes the complaint to be laid before any of the magistrates mentioned in § 10,529, Comp. Laws 1913, and makes it the duty of a magistrate, upon the filing of such complaint, to issue a warrant for the arrest of the person complained of (Comp. Laws 1913, §§ 10,408–10,410). Section 10,529, Comp. Laws 1913, declares the following officers to be magistrates:

"1. The judges of the supreme court, with authority to act as such throughout the state.

"2. The judges of the district courts, with authority to act as such throughout the judicial districts for which they are respectively elected.

"3. As limited by law, directing the place of exercising their jurisdiction and authority, county, city, township, and other justices of the peace, police magistrates, and, when authorized by law, the judges of the county courts, with authority to act as such throughout the counties or the judicial subdivisions in which the county, city, township, or municipality for which they are respectively elected are located."

When the person complained of is brought before the magistrate, if the charge is controverted, the magistrate must take testimony in relation thereto. And the evidence must, on demand of the defendant, be reduced to writing, and subscribed by the witnesses. Comp. Laws 1913, § 10,411. If it appears upon such hearing that there is no

just reason to fear the commission of the offense alleged to have been threatened, the person complained of must be discharged. Comp. Laws 1913, § 10,412. But, if there is just reason to fear the commission of the offense, the person complained of may be required to enter into an undertaking in such sum, not exceeding $1,000 as the magistrate may direct, with one or more sufficient sureties, to abide the order of the next district court of the county, and in the meantime to keep the peace toward the people of this state, and particularly toward the complainant. Comp. Laws 1913, § 10,413. If the undertaking so required is given, the party complained of must be discharged, and the undertaking transmitted by the magistrate to the next district court of the county. Comp. Laws 1913, §§ 10,414, 10,416. If he fails to give such undertaking he is committed until it is given. Comp. Laws 1913, §§ 10,414, 10,415. The person who has entered into an undertaking to keep the peace must appear on the first day of the next term of the district court of the county, or his undertaking may be forfeited. Comp. Laws 1913, § 10,418. And if the complainant does not appear, the person complained of may be discharged, unless good cause to the contrary is shown. Comp. Laws 1913, § 10,419. If both parties appear, the court may hear their proofs and allegations, and may either discharge the undertaking or require a new one for a time not exceeding one year. Comp. Laws 1913, § 10,420. The statute further provides that "in all cases of security to keep the peace under this article, the court, in addition to the orders mentioned in said article, shall tax the costs against the complainant or defendant or both, as justice may require, and enter judgment therefor, which may be enforced as judgments in criminal cases, and execution may issue therefor." Comp. Laws 1913, § 10,425.

We find nothing in these provisions to indicate that the legislature intended to authorize an appeal from an order entered by a magistrate in a proceeding under this statute. And, in our opinion, the legislature had no such intent. The statute expressly provides for a full hearing upon the merits of the controversy before the district court at the next term thereof. The defendant in such proceeding is, therefore, by the terms of the statute afforded every protection which an appeal would afford him. See 9 C. J. 397; Note in 90 Am. St. Rep.

799 et seq. What possible reason could there be for granting an appeal under such circumstances?

It will also be noted that a complaint may be laid, a warrant issued by, and the proceeding heard, before any magistrate within whose territorial limits the proceeding is maintainable. If the complaint in the case at bar had been laid and the hearing thereon had before the judge of the district court of Foster county or before one of the justices of this court, to what court would plaintiff then have taken his appeal?

Appellant's counsel suggests that a justice of the peace may tax costs and render judgment therefor against a defendant in such proceeding, and that such judgment becomes final unless appealed from. Counsel is in error. The determination of the magistrate is not final in any particular. The district court is vested with power and authority to hear and determine all the questions involved, including the question of costs. The statute contemplates that the final order and judgment (including the judgment for costs) be entered in the District Court.

The judgment appealed from must be affirmed. It is so ordered.