(May 18, 1921.)

STATE, Respondent, v. OTIS E. SYSTER and MOLLIE SYSTER, Appellants.

[197 Pac. 1025.]

ORDER OF MAGISTRATE REQUIRING SECURITY TO KEEP THE PEACE—NOT AN APPEALABLE ORDER.

The order of a magistrate requiring a person informed against to give security to keep the peace, in the proceedings prescribed by C. S., secs. 8630–8637, is not a judgment of conviction rendered in a criminal action, and no appeal lies from such order.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Appeal from the order of a magistrate requiring defendants to give a bond to keep the peace. Appeal dismissed. *Affirmed.*

Walters & Hodgin, for Appellants.

A prosecution under the statute for surety to keep the peace is a criminal proceeding to prevent the commission

of a crime, but is not a prosecution for crime. . (*Fisher v. Hamilton*, 49 Ind. 341; *State v. Cooper*, 90 Ind. 575; *Adams v. Ashby*, 2 Bibb (5 Ky.), 96; *Weisselman v. State*, 95 Wis. 274, 70 N. W. 169.)

The order of the magistrate is a final determination of the matter. (*Holliday v. Holliday*, 123 Cal. 26, 55 Pac. 703.)

Judgments of magistrates against defendants in prosecutions to bind persons to keep the peace, and in preliminary examinations, are not conclusive. They simply furnish a *prima facie* presumption of probable cause. (*Johnston v. Meaghr*, 14 Utah, 426, 47 Pac. 861.)

Roy L. Black, Attorney General, Clarence S. Hill, Assistant, and A. F. James, Pros. Atty. of Gooding County, for Respondent.

The right to an appeal only exists by virtue of the express provisions of the statutes. (*State v. Ridenbaugh*, 5 Ida. 710, 51 Pac. 750; *State v. Davis*, 8 Ida. 115, 66 Pac. 932; *General Custer Min. Co. v. Van Camp*, 2 Ida. 40, '3 Pac. 22; *State v. Grady*, 31 Ida. 272, 170 Pac. 85.)

Proceedings before a magistrate to compel one to furnish security to keep the peace are not prosecutions for the commission of an offense, but a criminal or *quasi*-criminal proceeding to prevent the commission of a crime. (*Bradley v. Malen*, 37 N. D. 295, 164 N. W. 24.) An order of a magistrate requiring security to keep the peace is final and conclusive. (*State v. Locust*, 63 N. C. 574; *State v. Lyon*, 93 N. C. 575; *Lowe v. Commonwealth*, 129 Ky. 565, 112 S. W. 647.) No appeal lies from an order of a magistrate requiring defendants to furnish security to keep the peace. (*Holliday v. Holliday*, 123 Cal. 26, 55 Pac. 703; *Ross v. Superior Court*, 39 Cal. App. 590, 179 Pac. 536; *Bradley v. Malen, supra.*)

LEE, J.—An information was filed with the probate judge of Gooding county, Idaho, sitting as a magistrate, charging

that appellants had threatened to commit an offense against the person of the complaining witness and others. A warrant of arrest was issued, and appellants were brought before him and a hearing had on the information. The magistrate's record recites that "the court, after hearing the evidence, finds for the plaintiff against the defendants, and orders that the above-named defendants, Otis Syster and Mollie Syster, give a peace bond, with two sureties to be approved by the court, in the sum of $500," and the costs of the proceedings were assessed against appellants. From this order they appealed to the district court, where on motion their appeal was dismissed, and this appeal is from such order of dismissal.

The only error complained of is that the district court erred in dismissing the appeal from the order of the probate judge, sitting as a magistrate. While the magistrate's proceedings were somewhat irregular, and did not conform in all respects with the requirements of C. S., secs. 8630–8637, the only question presented to this court by this appeal is as to whether an appeal lies from such an order.

In these proceedings, the order of a magistrate requiring the person informed against to give security to keep the peace is not a judgment of conviction rendered in a criminal action, and therefore no appeal lies from such order. (*Holliday v. Holliday,* 123 Cal. 26, 55 Pac. 703; *Howard v. State,* 121 Ala. 21, 25 So. 1000; *State v. Lyon,* 93 N. C. 575; *State v. Locust,* 63 N. C. 574; *Fisher v. Hamilton,* 49 Ind. 341; *State v. Cooper,* 90 Ind. 575; *Weisselman v. State,* 95 Wis. 274, 70 N. W. 169; and note in 90 Am. St. 799.)

C. S., sec. 9263, provides that a defendant may appeal to the district court from any judgment of conviction rendered in a criminal action by a probate or justice's court. This not being a judgment of conviction rendered in a criminal action, no right of appeal exists. (*State v. Grady,* 31 Ida. 272, 170 Pac. 85; *Rhodenbaugh v. Stingel,* 31 Ida. 594, 174

Pac. 604; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165.)

The record discloses no error, and the judgment of the lower court is affirmed.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.