### Roberts v. Dover, Jailer of Jefferson County.

(Decided October 5, 1923.)

#### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

Criminal Law—Court Without Power to Defer Commencement of Imprisonment for Failure to Execute Bond Until After Accused Serves Sentence for Violation of Law—"In Addition to."—Court has no power under prohibition act of 1922, section 18, to defer the commencement of the imprisonment for failure to execute bond for good behavior until after the accused has served the sentence imposed for his violation of the act, such section being mandatory, and the provision for the bond "in addition to" the penalty using the quoted words in the sense of "also," and not conferring the right to combine the penalties, in view of Criminal Code, section 288.

MATT J. HOLT for appellant.

THOS. B. McGREGOR, Attorney General, and W. J. GOODWIN for appellee.

Opinion of the Court by Judge Clarke—Reversing.

Appellant was convicted in the police court of the city of Louisville, of illegally having spirituous liquor in his possession, in violation of chapter 33 of the 1922 Acts, and his punishment fixed at a fine of $100.00 and 30 days' confinement in jail.

It was his first conviction under the act, and complying with a mandatory provision of section 18 thereof, the court required him to execute a bond for his good behavior for a year in the sum of $1,000.00, and ordered that upon his failure to execute the bond he should be confined in jail 90 days. It was further provided in the mittimus, and presumably in the judgment also, that the 90 days' confinement for failure to execute the bond should not begin until the expiration of the 130 days' confinement required to satisfy the $100.00 fine and 30 days' imprisonment.

The sole question presented by this action filed by appellant against the jailer under the declaratory judgment act is, whether or not the police court had the power to defer the commencement of the imprisonment for failure to execute the bond until after appellant had served out the fine and imprisonment inflicted for his violation of the act.

Section 288 of the Criminal Code provides that:

"If the defendant be convicted of two or more offenses, the punishment of each of which is confinement, the judgment shall be so rendered that the punishment in one case shall commence after the termination of it in the others."

But as appellant was convicted of but one offense, it is at once apparent, as is conceded, that this section of the Code does not apply. Its enactment, however, indicates at least that the legislature assumed that without such statutory authority a court did not have the power thereby conferred; and in James v. Ward, 2 Metc. 271, which was decided after the enactment of section 288, *supra,* but upon facts that occurred before its adoption, this court expressly so held.

The whole question then turns upon a construction of section 18 of the prohibition act of 1922, where, if at all, the authority is conferred. That section reads:

"On a first conviction for a violation of any of the provisions of this act, except for a violation of section 24, and except where the punishment is confinement in the penitentiary, the court shall require the defendant, in addition to the penalty inflicted, to execute bond in a sum not less than one thousand dollars, nor more than five thousand dollars, to be of good behavior for twelve months, and not violate any of the laws of Kentucky relative to the sale, possession, transportation or manufacture of intoxicating liquors, and if the bond be not executed, the defendant shall be committed to the county jail in default of such bond for a period of ninety days. The order of the trial court requiring the execution of the peace bond herein provided for shall not be considered a part of the punishment inflicted under this act, but as a security against future violations of the provisions of this act, and said order shall not be subject to appeal."

It will be noticed at once that such authority is not conferred in so many words, or at all, unless by the provision that the bond shall be required "in addition to the penalty inflicted;" and it is by this provision alone that counsel for appellee insist it is conferred.

We do not, however, believe such meaning can reasonably be attributed to this clause, especially in view of the further provisions of the section that the bond is a peace bond simply to prevent future infractions of the act, and not in any sense a penalty for the offense committed.

We upheld these provisions in Rodes v. Gilliam, 197 Ky. 123, and also held that there could be no appeal from the order requiring the execution of the bond, or the commitment to jail for 90 days in lieu thereof, and that the order requiring the bond and commitment in lieu thereof remained in force during the pendency of an appeal from the rest of the judgment, or until the expiration of the 90 days' period. The only reasonable inference from what we there held, as well as from the terms of section 18 itself, seems to us to be that immediate compliance by the defendant was contemplated, either by giving the bond or going to jail for 90 days in lieu thereof.

The bond is for good behavior for a year, and this certainly means for a year from the date of the first conviction. The court surely then could not defer the execution of the bond until the penalty was served out, or until any future date, since the very purpose of its execution

would be avoided for such time as it was deferred; and as the 90 days' imprisonment is for failure to execute the bond, and not a penalty for the offense committed, it would seem that it must begin at once upon such failure, unless the court has a discretion relating to it that it has not with reference to the execution of the bond.

But the entire section is mandatory and allows the court no discretion about the bond except as to its size within prescribed limits, and no discretion at all about the confinement in jail for 90 days for failure to execute the bond, whatever its size.

The court must, in its judgment, it is true, provide for the bond and the 90 days' imprisonment for failure to execute it "in addition to the penalty inflicted," but that is all. The words "in addition to" are very clearly used simply in the sense of "also," and do not, in our judgment, confer the right to combine the penalty for the offense committed with the imprisonment imposed for failure to execute the bond, into one penalty by adding the one to the other, since the one is appealable and may be superseded, while the other is not, and to so combine them into one continuous penalty would also, it seems to us, be wholly inconsistent with the provision that the 90 days' imprisonment resultant alone from the failure to execute a peace bond "shall not be considered a part of the punishment inflicted under this act."

Besides, if the court could suspend the imprisonment for failure to give the bond until the penalty for the offense committed had been served out, could it not also suspend it until the validity of the penalty had been tested by the appeal which is allowed therefrom? There certainly would be as much reason and justice in a suspension for the latter purpose as for the former. But the legislature has not vested the court with the discretion to do either. Hence it can neither suspend the time for giving the bond, nor for performing the consequences of a failure so to do, no matter how reasonable or just such a suspension might seem under the circumstances of any case.

As the judgment does not accord with these views, it is reversed with directions to enter another in conformity therewith.