## Osborne v. Commonwealth.

(Decided February 3, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Denial of Motion for New Trial, Supported Merely by Defendant's Affidavit, Held Not Abuse of Discretion.—Denial of motion, by defendant who failed to appear at trial, for a new trial, on the ground that he was unavoidably absent because of illness of his child, supported merely by defendant's affidavit and not the affidavit of a physician, held not abuse of discretion.

2. Indictment and Information—Duplicity Cured by Verdict where Defendant did Not Raise Question in Proper Way Before Trial.—Where defendant did not raise question of duplicity of indictment

in the proper way before trial, the duplicity was cured by the verdict, and the objection is not available on appeal.

3. Criminal Law—Order Requiring Peace Bond Not Appealable.—Order requiring peace bond is not appealable.

4. Criminal Law—Provision in Judgment for Confinement for Additional Period on Failure to Execute Peace Bond, Held Not Ground for Reversal.—Provision in judgment for imprisonment for period additional to that for which defendant was sentenced on his failure to execute peace bond, held not ground for reversal, defendant's remedy being proper motion in circuit court.

FRANK W. STOWERS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of a violation of the prohibition act, and fixing his punishment at a fine of $300.00 and six months in jail.

The indictment charged appellant with unlawfully manufacturing, possessing, selling, bartering, giving away, keeping for sale, and transporting, intoxicating liquor. He failed to appear at the trial, and the court instructed the jury to find him guilty and fix his punishment at any sum not less than $100.00, nor more than $500.00, and imprison him in the county jail for not less than 60 days nor more than six months.

It is first insisted that the court erred in refusing appellant a new trial on account of unavoidable absence. The substance of his affidavit is, that he lived about 25 miles from Pikeville, where the court was in session. On the day before the trial he came to Pikeville, but one of his small children was quite sick and he promised his wife to return that night. His child was so sick that he should not have left the next morning, but, notwithstanding its illness, he came to Pikeville. Because of the route and distance he had to travel he did not arrive until after the trial had taken place. As appellant's affidavit was not supported by that of a physician, or anyone else, we are not prepared to say that the court abused a sound discretion in refusing him a new trial on the ground that he was unavoidably absent when the case was called.

Another contention is that the indictment was duplicitous. This may be conceded, but as appellant did not raise the question in the proper way before trial, the duplicity was cured by the verdict, and the objection is

not available on appeal. Scalf v. Commonwealth, 9 Ky. L. Rep. 412, 5 S. W. 361; Connors v. United States, 158 U. S. 408, 39 L. Ed. 1033; People v. Collins, 9 Cal. App. 622, 99 Pac. 1109; State v. Farnum, 66 N. J. L. 397, 52 Atl. 956.

The further point is made that the court erred in providing in the judgment that if appellant failed to execute a peace bond in the sum of $2,500.00, he should be confined for a further period of 90 days, that is, for a period of 90 days in addition to the six months for which he had been sentenced. It is true that we held in Roberts v. Dover, Jailer, 200 Ky. 352, 254 S. W. 1058, that the court was without power to defer the commencement of imprisonment for failure to execute a peace bond until after the accused had served his sentence for violation of the prohibition law, yet as no appeal lies from an order requiring a peace bond, we are not at liberty to reverse the judgment on that account, but appellant may obtain the necessary relief by proper motion in the circuit court.

Judgment affirmed.