## Hatzell v. Dover, Jailer.

(Decided March 24, 1925.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Courts—Petition Involving Effect of Judgments of Criminal Branch of Jefferson Circuit Court Required to be Filed Therein.—Petition for declaratory judgment under Acts 1922, c. 83, section 1, involving construction and effect of judgments of criminal branch of Jefferson circuit court, should have been filed in that branch of court in view of Constitution, section 137, and Ky. Stats., section 1020-1.

2. Appeal and Error—Objection to Jurisdiction Cannot be Raised for First Time in Appellate Court.—Objection to jurisdiction of circuit court in petition for declaratory judgment involving construction and effect of judgments of criminal branch of such court could not be raised for first time in appellate court.

3. Appeal and Error—Court's Failure to Transfer Petition for Declaratory Judgment to Proper Branch Held no Ground for Complaint.—Court's failure to transfer petition for declaratory judgment to proper branch of court was no ground for complaint, where petitioner made no motion to that effect, and did not amend petition on being given opportunity to do so.

4. Criminal Law—Judgment Held Indefinite for Failure to Indicate Prior Judgment Under which Defendant was to be Held.—Judgment beginning defendant's confinement after termination of any period of confinement theretofore adjudged against defendant held indefinite for failure to indicate specifically prior judgment under which defendant was to be held.

5. Criminal Law—Error in Judgment Held Correctable in Court Rendering it on Motion.—Failure of judgment to conform to Criminal Code of Practice, section 288, in that it began defendant's confinement without specifically indicating prior judgment under which defendant was to be held, was a clerical error which might be corrected in court rendering judgment on motion on reasonable notice to defendant.

6. Criminal Law—Reference to Record Sufficient to Warrant Court in Looking to Record to Correct Entry.—Reference to record of court is sufficient to warrant court to look to it to correct entry of judgment.

7. Prisons—Defendant Not Entitled to Discharge Until Furnishing Jailer Proper Evidence that Fine had been Paid.—Confinement of prisoner for nonpayment of fine and costs is illegal after payment thereof, but prisoner is not entitled to discharge until he furnishes jailer proper evidence of that fact.

MATT J. HOLT for appellant.

W. F. CLARKE, JR., for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The first section of the Acts of 1922, known as the Declaratory Judgment Act, provides:

> "In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked."

Earl Hatzell on April 4, 1922, was tried in two cases in the Jefferson circuit court, criminal branch, for the crime of malicious shooting. The judgment of the court following the two verdicts of the jury was to the effect that the Commonwealth recover of him the sum of $500.00 in each case for the fine assessed against him and "that he be confined in the county jail at hard labor for a period of six months in each of the above styled cases, said periods of imprisonment being nonconcurrent, one to begin after the termination of the other." He was put in jail under the judgment on June 11, 1924, and on January 23, 1925, he brought this action against the jailer under the above statute for a declaration of his rights. He alleged that the fine and costs in both cases had been paid. But he did not allege that proper evidence of this had been furnished to the jailer. He also alleged that on April 14, 1922, he was tried in the Jefferson circuit court, criminal branch, found guilty of involuntary manslaughter, and his punishment fixed at a fine of $400.00 and thirty days in jail. The judgment provided as follows:

> "That he be confined in the county jail for a period of thirty days, said confinement to begin after the termination of any period of confinement which may have been heretofore adjudged against said defendant."

He alleged that it was the intention of the jailer to hold him a prisoner for the full period of twelve months and that an actual controversy existed between him and the defendant as to the effect and construction of the above judgments; that he has already been held longer than he could be legally held under the judgments and he filed the petition to secure a declaration of his rights.

The action was filed in the Jefferson circuit court, common pleas branch. The court sustained a special demurrer to the petition for want of jurisdiction. The plaintiff appeals.

Section 137 of the Constitution, providing for the circuit court of Jefferson county, makes this provision:

"Criminal cases shall be under the exclusive jurisdiction of some one branch of said court." See also Kentucky Statutes, section 1020.

Appellant's case involves the punishment to be inflicted upon him for a crime of which he has been convicted. It involves the construction and effect of the judgments of the criminal branch of the Jefferson circuit court and under the act the petition should have been filed in that branch of the court. Commonwealth v. Gordon, Judge, 197 Ky. 367. Roberts v. Dover, 200 Ky. 352, is relied on by appellant, but in that case no objection to the jurisdiction of the common pleas branch was made and so the case was tried on the merits. No objection was, in fact, made to this in this court, and as no objection had been made in the circuit court the objection could not be raised for the first time in this court.

It is earnestly insisted for the appellant that the Jefferson circuit court, common pleas branch, instead of dismissing the action, should have transferred it to the proper branch of the court. But appellant did not by motion ask this at the time. The circuit court gave him an opportunity to amend; he did not amend his petition as he could have done by amending the caption. He cannot, therefore, complain here of the action of the circuit court in not transferring the case.

The appellant has suffered no injustice. The judgment of April 4, 1922, being entered "in each of the above styled cases," necessarily means that the period of imprisonment in the second case begins after the termination of the imprisonment in the first. There could have been no other reason for putting in the caption of the judgment the style of the two cases. He was, therefore, properly imprisoned in the first case for the first six months and is now held under the judgment in the second case for the next six months. The judgment of April 14, 1922, is too indefinite. In such a case the judgment must specifically indicate the prior judgment under which the defendant is to be held, so that the jailer will know for what term he is to hold the prisoner and the prisoner may

be able to take proper steps to protect himself if he is held unjustly. But this defect in that judgment is a clerical error which may be corrected in the court which rendered it upon motion. The clerk in entering the judgment has simply failed to conform to the provisions of section 288 of the Criminal Code, and this error may be corrected by the court on motion upon reasonable notice to the defendant. The judgment of April 4th had been rendered only ten days before and was no doubt in the writer's mind; but the form of the judgment as it is written is insufficient. The reference to the record of the court is sufficient to warrant the court to look to the record to correct the entry.

> "However, where successive terms of imprisonment are imposed, the sentence ought to be so definite and certain as to advise the prisoner and the officer charged with the execution of the sentence of the time of its beginning and termination, without their being required to inspect the records of any other court or of any other case. 16 C. J., p. 1306."

The appellant may not be held in jail for the non-payment of the fine after the fine and cost are paid, but he cannot complain of the action of the jailer in regard to this until he has furnished the jailer the proper evidence that the fine has been paid.

Judgment affirmed.