PORTER *v.* STATE.

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

BRALY CRAIG and THURMAN THOMPSON, both of Lewisburg, and DAY SUGG, of Fayetteville, for appellant.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is a proceeding to keep the peace in which the plaintiff in error appealed from a judgment of the trial judge who required him to give security in the sum of $1,000.00, conditioned that he keep the peace toward all the People of the State and particularly his mother-in-law, Mrs. Minnie Pyland. The "peace warrant" was issued by Hon. John D. Wiseman, Circuit Judge, upon the complaint of Mrs. Pyland and, following the hearing of testimony as to the conduct of the plaintiff in error, the judgment above referred to was entered. A motion for a new trial was seasonably made and overruled. An appeal was prayed and granted to this Court.

The State has moved the Court to dismiss the appeal upon the ground that in proceedings to keep the peace there is no right of appeal. The statute, found in Code Section 11438, provides: "*When defendant may appeal.*—Any person required to keep the peace under the provisions of the preceding sections of this chapter, by any other magistrate than a judge of the supreme, circuit, chancery, or criminal courts, is entitled to an appeal to the next circuit court of the county, on entering into an undertaking, with security, in a sum equal to that required to keep the peace, for the prosecution of his appeal, and in the meantime to keep the peace."

It thus appears that an appeal lies only from the judgment of a magistrate. A judgment on the warrant by "a judge of the supreme, circuit, chancery, or criminal court" to keep the peace is nonappealable. Moreover it would be meaningless to issue such a warrant if the defendant may avoid its consequences by appealing and continue to commit other breaches of the peace. While

the precise question has not been presented to this Court for decision, there are numerous authorities from other jurisdictions which support the State's contention. *State* v. *Lyon,* 93 N. C. 575; *Lowe* v. *Commonwealth,* 129 Ky. 565, 112 S. W. 647; *Osborne* v. *Commonwealth,* 207 Ky. 98, 268 S. W. 798; *Waggoner* v. *Commonwealth,* 254 Ky. 200, 71 S. W. 2d 421; *State* v. *Syster,* 33 Idaho 761, 197 P. 1025; *Bradley* v. *Malen,* 37 N. D. 295, 164 N. W. 24; *Herz* v. *Hamilton,* 198 Iowa 154, 197 N. W. 53. See also 24 C. J. S., Criminal Law, Section 1656, page 251.

· The reason for denying the right of appeal is set forth in *State* v. *Lyon,* supra, cited on the Assistant Attorney General's brief. In *State* v. *Lyon,* 93 N. C. 575, it is said: "The nature of the purpose to be so subserved, suggests and requires that the action of the officer requiring such security of a party, must be conclusive, and not subject to the right of the appeal, ordinarily. An appeal, in the absence of any statutory regulation to the contrary, would vacate the order requiring security to keep the peace, and the persons, from whom danger is apprehended, might without such restraint, commit the offense pending the appeal. Hence, Justice DICK said in *State* v. *Locust,* 63 N. C. 574, that such proceedings must be summary and conclusive to render them effectual for the protection of the complainant, and to secure the public peace, and generally there is no appeal from the action of the justice of the peace in the matter." *Lowe* v. *Commonwealth,* supra, is to the same effect.

We are in full accord with the contention of the State that this is not such a criminal proceeding as entitles the accused to an appeal by virtue of Code Section 11806 for the manifest reason that no fine or jail sentence is imposed upon him by the trial court. All that is re-

quired of him is that he demean himself as a law abiding citizen. If the accused is not able to make the bond required of him, and is committed to jail in default thereof, his only remedy is to apply to this Court for the writ of certiorari or to file the record for a writ of error to review the judgment of the circuit or criminal court.

We have considered the record and find that there is material evidence to support the judgment of the trial court. This being true it would be futile to file it for writ of error. The case is remanded for the execution of the judgment of the trial court.

All concur.