## WALTERS, Jailer, v. WOOD.

Court of Appeals of Kentucky.

June 18, 1954.

Davis Williams, County Atty., Munfordville, for appellant.

Stokes A. Baird, Munfordville, for appellee.

STEWART, Justice.

This is an appeal from a judgment granting a writ of habeas corpus and discharging appellee, Mattie Wood, from jail.

The sole issue raised is the construction of KRS 242.410 and its application to the facts of this case. This statute provides that on a first or second conviction for a violation of any of the provisions of KRS, Chapter 242, known as the "Local Option Law," the court shall require the defendant, in addition to the penalty inflicted under KRS 242.990(1), to execute a bond for not less than $500 nor more than $1,000 to be of good behavior for 12 months and not to violate any of the provisions of the Local Option Law. If the bond is not executed, the defendant shall be imprisoned in the county jail for 60 days.

Appellee, Mattie Wood, was duly convicted in the Hart Quarterly Court on January 18, 1954, of violating the Local Option Law in Hart County, and her punishment was fixed at a fine of $40 and 60 days imprisonment in the county jail. The judgment fur-ther ordered defendant to execute a bond to the Commonwealth of Kentucky in the penal sum of $1,000 conditioned upon the requirements set forth in KRS 242.410. Thereafter she was committed to jail.

On March 18, 1954, appellee, having served the 60 days imprisonment imposed by the judgment, paid the fine and costs. Appellant, Ralph Walters, jailer of Hart County, continued to hold her in jail on account of her failure to execute the bond, pursuant to the foregoing statutory provision, as required by the judgment.

On April 13, 1954, appellee sued out a writ of habeas corpus against the jailer whereby she sought to be discharged from jail upon the ground that she was being unlawfully imprisoned. The jailer responded stating that appellee was being confined in jail because of her failure to execute the $1,000 bond in conformity with KRS 242.410 as stipulated by the judgment. The trial court adjudged the response insufficient and ordered appellee released from custody. The jailer appeals.

The statutory provision in this case is in substance the same as 2554a–18 of Carroll's Kentucky Statutes, Baldwin's Revision, Official Edition Revised to 1930, which was the peace bond section of the old "Rash-Gullion Act." The case of Roberts v. Dover, 200 Ky. 352, 254 S.W. 1058, construed that section, and we believe that opinion controls in every respect the facts and law involved in this appeal. Since the Roberts case fully discussed and decided the precise question now before us we deem it unnecessary to repeat here what was there written. Under the authority of the Roberts case the lower court properly released appellee.

Wherefore, the judgment is affirmed.

COMBS, J., dissents and believes the Roberts case should be overruled.