Douglas KOONZE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 8, 1964.

---

Douglas Koonze, pro se.

Robert F. Matthews, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Douglas Koonze seeks reversal of the order of the Hopkins Circuit Court which denied his RCr 11.42 motion to vacate a felony conviction rendered against him in 1958. Proper understanding of the questions presented requires this resume of the factual background:

In October, 1958, the Hopkins County grand jury returned two indictments against Douglas Koonze, present appellant. Two other persons were jointly indicted with Koonze in each of the indictments. The indictments were designated on the docket by numbers 5976 and 5977, respectively. No. 5976 charged unlawful opening of a safe containing money and other things of value; No. 5977 charged storehouse breaking.

The records of Hopkins Circuit Court reflect that one of the three defendants named in the two indictments moved for separate trial, as was authorized by then effective Criminal Code of Practice, § 237. (This Criminal Code provision is supplanted by RCr 9.16.) However, this appellant and his other co-defendant made no motion for severance. The appellant was represented by his personally retained attorney

at the 1958 trial of the two indictments. The record reflects that he entered a guilty plea to each indictment, and agreed that the two charges should be heard, along with those against his co-defendant, by the same jury at the same time. Accordingly, the jury returned separate verdicts as to each indictment, assessing punishment at five years in the penitentiary against each defendant on indictment No. 5976 and one year on indictment No. 5977.

The trial court sentenced appellant to imprisonment for five years pursuant to the verdict under indictment No. 5976. On the same date, the court sentenced appellant to imprisonment for one year under indictment No. 5977. However, in the order relating to the sentence of one year, this language appears:

"At the termination of #5976 he will begin his sentence of one (1) year on #5976." (Emphasis added.)

This discrepancy is made the ground of serious contention by appellant that he may not be required to serve the one year because of failure of the quoted order to comply with then Criminal Code of Practice, §§ 284 and 288.

A hearing was afforded appellant in the Hopkins Circuit Court, pursuant to his RCr 11.42 motion. Upon the appellant's request, counsel was appointed for him and represented him at the hearing on the motion. The trial court made findings of fact pursuant to the hearing, in pertinent part as follows:

"8. That the two sentences against the Movant were to run consecutively and that the sentence in #5977 was made cumulative to the sentence in #5976 by use of the following term: 'At termination of #5976 he will begin his sentence of one (1) year on #5976.'

"9. That the Judgment in Order Book 29, page 584, in which the co-Defendant of the Movant, Albert Chandler Walker, was sentenced to a one (1) year

term of imprisonment for storehouse breaking contains the following language: 'At termination of #5976 he will begin his sentence of one (1) year on #5977.'"

"11. That although the '#5976' which concludes the sentence quoted in Finding 8 above is erroneous, it is obviously a clerical error; and that additionally, the intent of the Court is clearly shown if the words 'on #5976' be eliminated completely as surplusage."

Based upon these findings of fact the trial court concluded that the quoted portion of the sentence order in No. 5977 contained a clerical misprision in providing that the appellant should begin the term of one year on No. 5976 after termination of No. 5976. We agree. The record contained abundant bases for the court's finding of fact, and the findings warrant the legal conclusions. See Hatzell v. Dover, 208 Ky. 149, 270 S.W. 723.

Appellant asserts here that he was "forced" into a joint trial with Albert Chandler Walker, one of his co-defendants. To this he adds that Walker was "a habitual criminal, a man despised throughout the entire county." The record does not support these assertions by appellant. Clearly, he had no constitutional right to a separate trial; his waiver of it, and his complete failure to adduce evidence that he was "forced" into anything render his claims here meritless. The right to separate trial as afforded by Criminal Code of Practice, § 237 (now superseded by RCr 9.16) was not a common law right, nor is it one guaranteed by any constitutional provision. It was waived here. Roberson's New Kentucky Criminal Law & Procedure, 2d Ed., § 1893, page 2010.

Finally, appellant asserts that he was denied "due process" and "equal protection" as constitutionally guaranteed by the 14th Amendment of the United States Constitution. These, of course, are serious and valid grounds of attack—but they re-

quire some showing to substantiate their availability. No such showing is here presented. We can perceive no particular in which this appellant has been denied his full opportunity to fundamental fairness.

The judgment is affirmed.