Timothy Keith MERRITT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 28, 1969.

William J. Francis, Louisville, for appellant.

John Breckinridge, Atty. Gen., Ben M. Combs, Deputy Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

This is an appeal in an RCr 11.42 proceeding seeking to correct a judgment of conviction which correction was denied.

The petitioner, Timothy Keith Merritt, was convicted in 1964 in the Jefferson Circuit Court of armed robbery and sentenced to life imprisonment but the conviction was set aside because of prejudicial remarks before the jury by the trial judge. Merritt v. Commonwealth, Ky., 386 S.W.2d 727 (1965). On retrial in 1965, Merritt withdrew his plea of not guilty and interposed a plea of guilty to the lesser offense of robbery and was sentenced to five years in the penitentiary, the judgment, however, reciting: "It is ordered by the Court that the sentence received in this case is to run non-concurrent with the term he is now serving on a sentence from another county."

Between the date of Merritt's first trial in the Jefferson Circuit Court and the reversal of the judgment therein, Merritt had been taken to Kenton County where he was convicted of robbery and sentenced by the Kenton Circuit Court to five years in the penitentiary to be served concurrently with the life sentence received in the Jefferson Circuit Court in his first conviction there—the conviction which we reversed because of the prejudicial remarks of the trial judge. Merritt's first judgment of conviction in the Jefferson Circuit Court was rendered when there was no other sentence of conviction to be considered. The Clerk of the Jefferson Circuit Court subsequently altered the second judgment of conviction by inserting "Kenton" for "another", thus making the Jefferson Circuit Court judgment specific as to what judgment from another county was meant. We thus have a situation where the Kenton sentence was to run concurrently and the later Jefferson judgment was to run not concurrently.

The thrust of the petitioner's contention is that the second Jefferson Circuit Court judgment is so vague that the correctional authorities can not know for sure just how long Merritt is to stay incarcerated; that the Kenton judgment is keyed to the first Jefferson judgment—the one reversed; that to permit the Jefferson Circuit Court to require its second judgment to run consecutively where its first judgment was by operation of law (KRS 197.035(2)) to run concurrently penalizes Merritt for appealing the first judgment of conviction in the Jefferson Circuit Court in violation of North Carolina et al. v. Pearce, and Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, decided June 23, 1969, which held that the Fourteenth Amendment forbids the imposition of a more severe sentence upon retrial and conviction of the same offense unless the sentencing judge can present affirmatively in the record sound reasons for doing so.

■ We do not believe that the cited cases govern the situation here for, in the first Jefferson Circuit Court trial Merritt was convicted of armed robbery on his plea of not guilty, while in his second trial there he was convicted of the lesser offense of robbery on his plea of guilty to that charge and given a correspondingly lighter sentence. In other words, Merritt decided not to take a chance on again being convicted of armed robbery and receiving a life sentence or death (KRS 433.-140 before its amendment in 1966), whereas the penalty for robbery was not less than two nor more than ten years. KRS 433.120.

■ However, it is apparent that the judgment of the Jefferson Circuit Court is not sufficiently definite to remove the need of referring to information dehors the record to ascertain its meaning. A high degree of exactitude is required in the pronouncement of judgments imposing penal servitude and, in the case of an ambiguity, the intention of the court should not be sought through evidence outside the record, and the benefit of any doubt should be in favor of the defendant. 21 Am.Jur.2d, Section 534 and cases cited. We have so held in Hatzell v. Dorer, 208 Ky. 149, 270 S.W. 723 (1925) where we held a judgment too indefinite which stated the confinement was to begin "after the termination of any period of confinement which may have been heretofore adjudged against said defendant."

The Commonwealth, on the other hand, asserts that the sentence was sufficiently definite to inform the prisoner and officer charged with execution of the sentence of the time of its beginning and termination since he was already being held on the Kenton County conviction. Furthermore, the Jefferson Circuit Court Clerk noted a correction on the judgment of commitment to the effect 'that it was the Kenton County conviction which was meant when the Jefferson judgment referred to "a sentence from another county."

We have summarized the arguments presented and discussed some of the authorities cited, but conclude that the decisive factor is our statute which became effective October 1, 1963 and which apparently was designed to take care of the very type situation presented here. The statute, KRS 197.035(1) declares:

"A sentence, on conviction of a felony, imposed upon a confined prisoner for a crime committed prior to the date of his instant commitment, if designated to be served consecutively, shall be added to the sentence or sentences being served."

■ Here Merritt was serving a sentence on his conviction of robbery in Kenton County before his conviction of robbery in Jefferson County and, since the latter conviction was designated to be served consecutively, it necessarily follows that the Jefferson County sentence shall be added to the sentence being served from Kenton County.

The judgment is affirmed.

All concur.