954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie Paul HARRIS, Petitioner-Appellant,
v.
William C. SEABOLD, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 91-6041.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Eddie Paul Harris, a Kentucky prisoner proceeding without benefit of counsel, appeals from the order of the district court dismissing with prejudice his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his petition for habeas corpus relief, Harris contended that the Kentucky Corrections Cabinet had violated his due process rights by incorrectly calculating the minimum sentence he would be required to serve before being eligible for parole. He argued that because the indictment to which he pleaded guilty, and the judgment reflecting his conviction, did not specify to what degree of Kentucky's Persistent Felony Offender statute he was pleading, he is legally entitled to an interpretation of the judgment as being one for Second Degree Persistent Felony Offender (PFO) KRS 532.080(2), as opposed to one for First Degree PFO. KRS 532.080(3).
 
 
 3
 The case was submitted to a magistrate who recommended that the petition be denied. Upon de novo review, the district court adopted the magistrate's findings of fact as the opinion of the court over Harris's objections. The court also granted Harris a certificate of probable cause.
 
 
 4
 The district court's determination that Harris was not denied due process of law by the Corrections Cabinet's interpretation of the silent judgment to be a conviction for First Degree PFO is not clearly erroneous. See McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989). It is uncontradicted that the indictment to which he pleaded guilty contained the exact language contained in the First Degree PFO statute (convicted of "two or more" prior felonies in Lincoln County Circuit Court). The words "two or more" are not found in the Second Degree PFO statute. Additionally, Harris plainly admitted that his attorney informed him that he would be required to serve a minimum of ten years on the PFO charge which is the term prescribed by the First Degree PFO statute (Petitioner's Objections to the Magistrate's Proposed Findings of Fact and Recommendation, p. 3, line 7). Harris is not legally entitled to the "benefit of any doubt" that he pleaded guilty to Second Degree PFO. The indictment is not vague and the judgment is sufficiently definite to remove the need of referring to information "dehors the record to ascertain its meaning." Merritt v. Commonwealth, 447 S.W.2d 625, 627 (Ky.1969).
 
 
 5
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the magistrate judge's proposed findings of fact and recommendation dated August 1, 1991, as adopted by the district court in its order dated August 20, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.