## Rodes, et al. v. Gilliam.

(Decided December 15, 1922.)

### Petition for Writ of Prohibition.

Prohibition—Intoxicating Liquors—Execution of Bond for Good Behavior—Appeal.—Where an offender against the prohibition statute of 1922, has been tried and convicted in a police court, and as a consequence of the conviction an order has been made requiring him to execute a bond for good behavior, etc., as provided by section 18, chap. 33, Session Acts, 1922, and in default of such bond is ordered to be committed to jail for ninety days, and he prosecutes an appeal to the circuit court from the judgment of conviction, the appeal does not suspend or affect the order requiring the execution of the bond, but it remains in force until the judgment appealed from has been reversed or set aside upon the appeal, or until the expiration of the period for which he was committed under the order.

HERDMAN & ROPER and W. W. MANSFIELD, JR., for plaintiffs.

G. D. MILLIKIN for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Granting writ.

The petition states the facts which are not contraverted. No question is made as to the right of the plaintiffs to maintain the action. The facts as stated in the petition are that one James Taylor was tried in the police court for the city of Bowling Green upon a charge

of unlawfully having in his possession intoxicating liquors, other than for sacramental, medicinal, scientific or mechanical purposes. This is an offense against the Prohibition Statute of 1922, and the violation of it charged against Taylor was committed since that statute became effective. The trial resulted in a conviction, and Taylor was adjudged to be guilty as accused and to pay a fine of $300.00 and to be imprisoned for a period of sixty days in the county jail. This was the first conviction of Taylor for a violation of the above mentioned statute, and in accordance with the provisions of section 18 of that act, the court entered an order requiring him, in addition to the penalty inflicted, to execute a bond in the sum of $1,000.00, conditioned that he would be of good behavior and not violate any of the laws of Kentucky, relative to the sale, possession, transportation or manufacture of intoxicating liquors for the period of twelve months, and in default of the execution of the bond that he should be committed to the county jail for the period of ninety days. Taylor failed to execute the bond and was committed to jail by an order of the court, in default of same as in such cases provided. He prosecuted an appeal from the judgment of conviction to the circuit court and the appeal is now pending in that court. Taylor then applied to the defendant, as the judge of the circuit court, for a writ of *habeas corpus* against the jailer, who is holding him by the authority of the commitment under the order requiring him to execute the bond for good behavior, etc. The defendant, upon complainant's petition granted the writ of *habeas corpus* and was proceeding to hear the return thereon, and as alleged would order the discharge of Taylor from custody, unless restrained by this court. The plaintiffs applied to this court for a writ of prohibition directed against the defendant to restrain him, as a circuit court judge, from discharging Taylor from custody, under the order committing him to jail in default of the execution of the bond for good behavior, etc., the ninety days not having yet expired. From a judgment of a judicial officer, proceeding by writ of *habeas corpus,* there is no appeal. If Taylor is being legally held in custody, an order requiring his discharge would nullify the order of the trial court, which it was authorized to make, and it is therefore apparent that if his imprisonment is legal there is no adequate remedy to correct the procedure, that is available, except a writ of prohibition from this

court. It has been often held that this court would exercise its original jurisdiction by granting a writ of prohibition against an inferior tribunal, when it is proceeding irregularly within its jurisdiction and there is no adequate remedy by appeal or otherwise. The question therefore, for determination is whether Taylor is legally in the custody of the jailer. There can be no doubt that the police court was acting within its jurisdiction and was authorized to make the order requiring the execution of a bond, because jurisdiction to finally try Taylor for the offense for which he was accused, was vested in that court, by the statute, and the statute, also, empowers a trial court to require the execution of such a bond, as a consequence of the first conviction of an offender. The question for determination then is whether the perfecting of an appeal from the judgment of an inferior court to the circuit court has the effect of suspending the order for the execution of the bond, pending the appeal to the circuit court. This question is solved when consideration is had of what Taylor has appealed from and can appeal from. It seems necessarily to follow that a judgment that can not be and is not appealed from is not suspended pending an appeal from a judgment or a separable and independent portion of a judgment, which can be and is appealed from. While the order requiring the execution of a bond for good behavior, etc., following a conviction for violating the Prohibition Statute may be considered a portion of the judgment, being in consequence of the portion of it which adjudges the conviction, it is separable and independent from that portion. The suspension of the one, because an appeal is prayed, does not therefore necessarily suspend the other. The judgment of conviction in the police court is a final judgment, unless appealed from, and it is in consequence of such a conviction that the statute authorizes the police court to require the execution of the bond, and such authority is given by the legislature with full knowledge that the judgment of conviction may be appealed from to the circuit court. The argument advanced that the only justification for requiring the execution of the bond is the previous judgment of conviction, and if that judgment is suspended by appeal, there is nothing upon which the order requiring the bond can be rested, until the trial and affirmance of the judgment upon appeal, to say the least of it, is plausible, but in the light of the terms of the statute which authorizes the

exaction of the bond, and the sections of the Criminal Code regulating appeals from the judgments of inferior courts to circuit courts and the evident purpose of the legislature in enacting that the bond may be required as a consequence of a first conviction, demonstrate that the argument is unsound. Section 18 of Chap. 33, Session Acts, 1922, provides, among other things, as follows: "The order of the trial court requiring the execution of the peace bond herein provided for shall not be considered a part of the punishment inflicted under this act, but as a security against future violations of the provisions of this act, and said order shall not be subject to appeal." It will be observed that the legislature in express terms has denied the alleged offender the right of appeal from the order requiring the execution of the bond, and the right of appeal is always a matter within the power of the legislature to give or to deny, and if it intended that an appeal should suspend the order, why expressly deny the right of appeal from the order? Taylor, as a matter of fact, has and can appeal from the judgment adjudging him to be guilty of the offense and fixing his penalty therefor, only, and the effect of his appeal is to suspend the execution of that portion of the judgment, only, and while the order requiring the execution of the bond is a consequence of the judgment which he appeals from, the legislative meaning as demonstrated by the terms of the statute was to make a trial and conviction in a court, with jurisdiction to try an offender against the statute, a fact of sufficient potence and evidentiary effect to justify the requirement to execute the bond to abstain from future violations of the statute, and an appeal from the conviction does not destory the judgment as such evidentiary fact, until it is reversed and set aside, and the mere taking of an appeal from the judgment does not authorize the presumption that the judgment is erroneous or will be set aside. Sections 364 and 365 of the Criminal Code which regulate appeals from the inferior courts to the circuit courts, although enacted long before the Prohibition Statute of 1922, are the only provisions regulating such appeals, do not provide for an appeal from any judgment or from any portion of a judgment, except such judgment as adjudges the guilt and the penalty, and not from any incident of the judgment, such as the requirement of a bond for future good behavior, etc. It will be observed that under these sections of the Criminal Code an ap-

peal may be prosecuted from the judgment of an inferior court to the circuit court by the execution of a bond to pay the cost, if the judgment is affirmed, and in this state of case there is no suspension of the power to execute the judgment at all, and if the convicted one desires to suspend the judgment, pending the appeal, he must execute a covenant that will have such effect, but it is not conceivable that the execution of a covenant, which will suspend an appealable judgment can have the effect of suspending a judgment which can not be appealed from. When the legislature bestowed jurisdiction upon the police court to finally try, determine the guilt and impose the penalty upon an offender against the Prohibition Statute, and in contemplation of the fact that he could appeal from its judgment and while it authorized the requirement of the bond following such conviction, it denied the right of appeal from such order, and evidently intended that it should remain in full force pending an appeal from the judgment of conviction to the circuit court, until the judgment appealed from should be reversed and set aside, and not until that time is its potence for the purpose of the bond for good behavior, etc., destroyed. Hence, it is concluded that when an offender against the Prohibition Statute of 1922 is tried and convicted in the police court and the offense for which he was convicted is of such a character that the bond for good behavior, etc., can be required, and in default of such bond is committed to the jail, although he may appeal to the circuit court from the portion of the judgment which adjudges him to be guilty and imposes the penalty, such appeal does not suspend or affect the order requiring the execution of the bond, until the alleged offender has been tried upon the appeal in the cirsuit court, and the judgment appealed from has been reversed and set aside. Of course, if pending the appeal the ninety days for which he was committed shall expire, he will be discharged. In accordance with the above expressed views, Taylor is not illegally held in custody, and to discharge him therefrom pending the appeal, and before a reversal of the judgment, before the time for which he was committed under the order requiring the bond has expired, upon the mere ground that he has taken an appeal from the judgment of conviction, is not authorized and the writ prayed for is therefore granted, and the defendant enjoined from making any order disturbing the jailer's custody of Taylor, under

the order of the police court, until such time as the judgment, finding him guilty of the offense and from which he has appealed, is reversed and set aside in the circuit court, if such shall ever occur.