## Rodes, Judge v. Thomas.

(Decided May 30, 1924.)

### Appeal from Warren Circuit Court.

Intoxicating Liquors—One Imprisoned for Not Executing Bond May do so and Obtain Release.—One who fails to execute bond for good behavior required by Prohibition Act 1922, section 18, after

conviction for violations of the act, and is sentenced to prison therefor, may thereafter execute bond and obtain release.

W. B. GAINES and W. W. MANSFIELD, JR., for appellant.

GARDNER, OLIVER & DIXON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Section 18 of the Prohibition Act of 1922 requires that a defendant convicted of violating certain provisions of the act shall be required to give a bond for his good behavior, and in default thereof shall be committed to jail for ninety days in addition to the penalties inflicted. Appellee Thomas was tried and convicted of a violation of the act, before appellant Rodes as police judge, and his punishment fixed at a fine of $100.00 and 40 days in jail. In accordance with section 18, *supra*, he was also required to give a bond for his good behavior for a year in the sum of $1,000.00, and the judgment provided that in default thereof he should be committed to jail for ninety days. He did not at the time execute a bond and was committed to jail.

When he had served out the forty days' imprisonment imposed upon him as a penalty, he paid his fine and costs, and offered to execute the bond, which appellant refused to permit him to do upon the sole ground that the bond had to be executed immediately after the judgment was rendered, and that if not done then, the appellee did not have the right to give or appellant the right to take same.

Appellee then filed this action in the Warren circuit court for a mandamus against appellant to require him to permit appellee to execute the bond and to order his release from jail when bond with good and sufficient security was executed, and from a judgment so ordering this appeal is prosecuted.

In support of this novel contention by the appellant, we are referred to Rodes v. Gilliam, 197 Ky. 123, 245 S. W. 897, and Roberts v. Dover, Jailer, 200 Ky. 352, —— S. W. ——, in which section 18, *supra*, was construed. In the former, we simply held that an appeal from a judgment of conviction under this act does not suspend or affect the order requiring the execution of a bond.

In the latter case we held that the court could not suspend the time for giving the bond, nor for performing the consequences of a failure so to do, and in stating our

reasons for so holding we said that the only reasonable inference from what we held in the Rodes v. Gilliam case, as well as from the terms of section 18 itself, was that "immediate compliance by the defendant was contemplated, either by giving the bond or going to jail for ninety days in lieu thereof." But we did not hold or say, and it does not follow from anything we did hold or say in that case, that after immediate compliance with the judgment had been required of defendant, he could not thereafter purge himself of his default and by giving the bond secure relief from an imprisonment imposed solely for his failure to give it.

It is perfectly clear the legislature required the ninety days' imprisonment to be inflicted in lieu of the bond solely to induce the defendant to execute the bond for his future good behavior, and that it never intended that defendant must stay in jail for ninety days simply because he could not give the bond the first day it was due; or, that having been committed to jail for failure to give it then, he should not be permitted to do so whenever he became willing and able.

It is therefore apparent that appellant was in error in his construction of section 18 of the act, as well as the opinions of this court referred to above, and that the circuit judge did not err in requiring him to accept a bond, with such sureties as he might in his discretion approve, and in ordering appellee's release from jail when he had executed such a bond.

The judgment is therefore affirmed.