## Rice v. Gaines, Judge.

(Decided June 3, 1924.)

### Petition for Writ of Mandamus.

Intoxicating Liquors—Peace Bond May be Given Subsequent to Day of Trial.—Peace bond required by Rash-Gullion Act, section 18, may be given upon a day subsequent to the day of trial, if within the period of 90 days for which defendant is to be committed for want of such bond.

NORTHCUTT & NORTHCUTT for plaintiff.

FRANK E. DAUGHERTY, Attorney General, and JOHN L. VEST for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Granting writ of mandamus.

Plaintiff, Rice, was convicted in the Boone circuit court of a violation of the Rash-Gullion Act, and his punishment fixed at a fine of $150.00 and imprisonment in the county jail for thirty days. It was his first conviction for a violation of the prohibition laws. Section 18 of the prohibition act reads as follows:

"Section 18. On a first conviction for a violation of any of the provisions of this act, except for a violation of section 24, and except where the punishment is confinement in the penitentiary, the court shall require the defendant, in addition to the penalty inflicted, to execute bond in a sum not less than one thousand dollars, nor more than five thousand dollars, to be of good behavior for twelve months, and not violate any of the laws of Kentucky relative to the sale, possession, transportation or manufacture of intoxicating liquors, and if the bond be not executed the defendant shall be committed to the county jail in default of such bond for a period of ninety days. The order of the trial court requiring the execution of the peace bond herein provided for shall not be considered a part of the punishment inflicted under this act, but as a security against future violations of the provisions of this act, and said order shall not be subject to appeal."

The petition alleges and the response admits that plaintiff Rice did not present himself and offer to make the bond required by section 18, above copied, until the

day following his conviction, when he offered a bond and moved the court to take, accept and approve it. This motion was overruled but the court entered an order requiring a bond of appellant in the sum of $1,500.00 to be of good behavior for twelve (12) months, and provided that upon his failure to execute such bond he should be committed to jail in Boone county for ninety days from April 15, 1924. The trial judge appears to have been laboring under the belief that the peace bond required under section 18 must be given upon the day of the trial and that such bond cannot be accepted by the court at any subsequent time. In his response Judge Gaines says: ''That said sheriff arrived at Burlington with plaintiff, Rice, prior to midnight of April 15, 1924, the day of his conviction; that said Rice made no request of the sheriff while in his custody to be taken before the court or the judge thereof for the purpose of executing a bond, as set forth in his petition, to be of good behavior for one year; . . . and respondent says that if plaintiff had applied to this respondent (judge) at any time prior to midnight on April 15, 1924, and then and there offered to execute a bond for his good behavior for one year with surety as by law provided, this respondent would have accepted said bond, and that respondent's refusal to accept said bond on Wednesday, April 16th, 1924, the third day of the April, 1924, term, was based wholly on the authority of the case of Roberts v. Dover, 200 Ky., page 352, wherein the court said:

'' 'The court surely then could not defer the execution of the bond until the penalty was served out, or until any future date.' ''

We did not mean to convey the thought which appears to have been entertained by Judge Gaines when we used the expression copied from the Roberts-Dover case, *supra*. It was the intention of the General Assembly, no doubt, in passing the 18th section of the Rash-Gullion Act, to require a peace bond of those convicted at any time before the expiration of the ninety-day period, the order to be entered at the time of the judgment of conviction. In practice we know that it is sometimes difficult to furnish a peace bond and that it often requires time so that a defendant may send out for surety. It is impossible to obtain sureties on the day of conviction. We apprehend it was not the intention of the legislature to prevent the execution of the bond if not of-

ferred on the day of conviction. The bond may be taken at any time before the end of the ninety-day period. We so held in the recent case of Rodes v. Thomas, Judge, 203 Ky. 456. We must therefore hold the response of Judge Gaines insufficient and direct that he, as judge of the Boone circuit court, accept the bond of plaintiff Rice when as a court he is satisfied of its regularity and sufficiency.

Whole court sitting and concurring.