## Ray v. Commonwealth.

(Decided February 3, 1925.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Refusal to Instruct Jury to Acquit Defendant if he was Not Partner with Person at whose Place of Business Liquor was Found Held Not Prejudicial Error.—Where defendant claimed that he had called at other person's place of business where the liquor had been found on business, and was a mere onlooker, refusal to instruct jury to acquit defendant if he was not a partner with such other person, and had no interest in the liquor, held not prejudicial error, instruction on reasonable doubt being sufficient.

2. Criminal Law—Instruction to Acquit if Possessed of Reasonable Doubt as to "Material" Fact Held Not Prejudicial.—Instruction to acquit defendant if possessed of a reasonable doubt as to any "material" fact necessary to establish his guilt, though not in the language of Criminal Code of Practice, section 238, held not prejudicial, since the word "material" means "of consequence" or "not to be dispensed with."

3. Criminal Law—Circuit Court Erred in Requiring Additional Peace Bond, where Judgment of Police Court was Upheld.—Where conviction in police court was upheld on appeal in circuit court, it was error for circuit court to require additional peace bond, since bond required by police court continued in force until judgment was reversed or set aside on appeal.

4. Criminal Law—Order Requiring Execution of Peace Bond Not Appealable.—Order requiring execution of peace bond is not appealable, under Acts 1922, c. 33, section 18.

5. Criminal Law—Action of Circuit Court in Requiring Additional Peace Bond on Appeal from Police Court Not Ground for Reversal.—Action of circuit court, in which judgment of conviction in police court was upheld, in requiring additional peace bond, held not ground for reversal, defendant's remedy being motion in circuit court to quash peace bond.

REED & BURNS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who was charged with the unlawful possession of intoxicating liquor, was first convicted in the police court of the city of Paducah, and his punishment fixed at a fine of $100.00 and 30 days' imprisonment. He was also required to execute a peace bond in the sum of $1,000.00. On appeal to the McCracken circuit court he was again found guilty and his punishment fixed at a fine of $300.00 and 30 days' imprisonment. The circuit court also required him to execute another peace bond in the sum of $1,000.00.

The first error assigned is, that the court failed to instruct the jury that if they believed from the evidence that appellant was not a partner with one Mills in the operation of the place where the liquor was found, and had no interest in the liquor, they should find him not guilty. It is insisted that this instruction should have been given because appellant's defense was that he was not a partner with Mills, but was a mere onlooker, who had called at Mills' place of business for the purpose of collecting a bill. This is not a case where the accused admitted the act and attempted to justify on some ground that would excuse him from criminal liability. It is simply a case where he pleaded not guilty and testified to facts tending to establish that defense. In view of these circumstances, his theory of the case was fully presented by the instruction on reasonable doubt, and the court's failure to submit the question of partnership can not be regarded as prejudicial error. Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339.

Another contention is, that the court erred in using the word "material" in instruction No. 2, which is as follows:

> "The law presumes the defendant to be innocent of any offense until proven guilty to the exclusion of a reasonable doubt, and if upon the whole case you shall have a reasonable doubt of the defendant having been proven guilty, or as to any material fact necessary to establish his guilt, you will find him not guilty."

While it is the better practice to follow the language of section 238, Criminal Code, yet as the word "material" simply means "of consequence," or "not to be dispensed with," we are unable to perceive how its use in the above

instruction was prejudicial to the substantial rights of appellant.

The further point is made that the circuit court erred in requiring an additional peace bond. The Commonwealth attempts to meet this contention by the argument that the circuit court did not affirm the judgment of the police court, but entered a different judgment after a trial *de novo,* with the result that the judgment of the police court was superseded and thereby set aside. The argument is not convincing. The peace bond required by the police court followed as a result of the conviction and continued in force until the judgment was reversed or set aside upon appeal. Rodes, et al. v. Gilliam, 197 Ky. 123, 245 S. W. 897. In such a case, it is the conviction that controls, and not the imposition of a new penalty. Since appellant's conviction was upheld by the circuit court, it necessarily results that the judgment of conviction in the police court was never reversed or set aside on the appeal. As appellant was already under a bond to keep the peace, and that bond was still in full force and effect, no additional bond should have been required by the circuit court. However, as the order requiring the execution of the peace bond is not subject to appeal, sec. 18, c. 33, Acts 1922, we are not at liberty to reverse the judgment on that account, but appellant may obtain the necessary relief by motion in the circuit court to quash the peace bond.

In our opinion, the evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

Judgment affirmed.